# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1892.

SELMA WATSON, Appellant, v. THE UNION RED & GRAY GRAVEL COMPANY, Respondent.

St. Louis Court of Appeals, October 25, 1892.

**Powers of One of Several Tenants in Common.** One of several persons, holding land as tenants in common, has the right to sell gravel taken by him from the land, and to collect the purchase money.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Henry Boemler,* for appellant.

(1) Where, by agreement of two tenants in common, one occupied a particular part of the common in severalty, as of a house for instance, and the other entered upon it without his consent, it was held that he might have trespass *quare clausum fregit* against his cotenant for making such entry. 1 Washburn on Real Property, p. 567; *Klay v. Goodwin,* 16 Mass. 1; *Rider*

*v. March*, 46 Pa. St. 380. (2) The court committed error, as the verdict is unsupported by the evidence, and should not be allowed to stand. *Stumpf v. Mueller*, 17 Mo. App. 283; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415. The total disregard by the court of the evidence on one branch of the case will warrant the granting of a new trial. *Doty v. Steinberg*, 25 Mo. App. 328; *Bank v. Armstrong*, 92 Mo. 265.

*Thomas B. Crews* and *James L. Hopkins*, for respondent.

(1) The record discloses no error. There were no declarations of law asked or given. There were no exceptions saved by appellant at the trial, other than to the introduction of the deed mentioned in the evidence, and then no ground of objection was stated. *Davis v. Hilton*, 17 Mo. App. 319; *Parsons v. Railroad*, 94 Mo. 286; *Harrison v. Bartlet*, 51 Mo. 170. (2) The motion for new trial was properly overruled. *Shields v. Waldron*, 13 Mo. App. 596, 597; *Stevens v. City of Macon*, 83 Mo. 345; *Bragg v. City of Moberly*, 17 Mo. App. 221. The cotenancy is undisputed by the evidence. Lowe was in possession by virtue of his deed, and was in actual possession. The gravel was bought from Lowe. These facts bar plaintiff's recovery. *Brown v. Wellington*, 106 Mass. 318; *Butler v. Roys*, 12 Am. Rep. 218; Benjamin on Sales [2 Am. Ed.] sec. 6, note *a*.

BIGGS, J.—This cause was submitted to the court without a jury, and a verdict and judgment was rendered for the defendant. The plaintiff has appealed, and assigned for error that the judgment is without evidence to support it. There were no instructions asked or given, and no exceptions saved on the trial

concerning the admission or exclusion of evidence. The matter complained of requires a brief reference to the facts.

The action was on account for gravel, alleged to have been sold to the defendant by the plaintiff, and not to have been paid for. The defendant admitted that he received the gravel, but denied that he bought it from the plaintiff. He averred that he purchased the gravel from one Lowe, and had paid for it, and that Lowe was either a partner of the plaintiff in the sale of gravel, or was a part owner of the land from which the gravel was taken. It appears from a written memorandum of the trial judge, which we find in the record, that the case was disposed of on the theory that the plaintiff and Lowe were tenants in common of the land from which the gravel came, and that, whether the plaintiff and Lowe were partners or not in the sale of the gravel, the latter, as a part owner of the land, had as much right to sell gravel from it as the plaintiff had, and that, therefore, the defendant was protected in the purchase. In this we think the court was right, and, under this view of the case, the judgment is well sustained by the evidence. A deed from the plaintiff to Lowe, conveying an undivided interest to Lowe, was read in evidence. There is some question on the evidence, whether the defendant had the right to treat Lowe and the plaintiff as partners, or whether there was substantial evidence tending to prove an actual partnership. But we will not discuss this branch of the case, because the judgment can be sustained on the other ground.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.