## H. H. GREGG, Appellant, v. ROARING SPRINGS LAND & MINING COMPANY, Respondent.

### Kansas City Court of Appeals, December 1, 1902.

1. **Trial Practice: INSTRUCTIONS: MODIFICATION OF: INVITED ERROR.** Where the court modifies an instruction to harmonize with the theory of other instructions asked by the same party, such party invites the error and can not complain.

2. **Contracts: ACCEPTANCE OF CHECK: INSTRUCTION.** Where a party accepts, indorses and cashes a check containing certain recitals as to its application, the check become prima facie evidence of the payment and its purpose, and an instruction to that effect and placing the burden of proof on the payee to show that the payment was not as recited in the check, is approved.

3. **Tenants in Common:** ACCOUNTING: CONTRACT: INSTRUC-
TION. Where a tenant in common sues his co-tenant for an ac-
counting for rents and profits received, matters of contract between
the parties are immaterial, and an instruction referring to a con-
tract and its breach is properly refused.

4. ——: ——: EXCLUSION: INSTRUCTION. A tenant who has
been excluded by his co-tenant can recover his proper share of the
rental value of the property as well as for waste, but in an action
for accounting for rents and profits received, such matters can not
be injected by instruction.

5. ——: POSSESSION: MINING STATUTE. A tenant in com-
mon in possession by consent without limit of time is a tenant at
will or from year to year, and the mining statute does not deter-
mine his relation.

6. ——: ACCOUNTING: ACCORD AND SATISFACTION: IN-
STRUCTION. Where in an action for an accounting by a co-tenant
there is no answer of accord and satisfaction, it is improper to in-
struct on such theory.

7. ——: ——: CONTRACT: INSTRUCTION: EVIDENCE. An
instruction should keep within the limits of the issues presented by
the pleadings and also the evidence.

Appeal from Jasper Circuit Court.—*Hon. J. D. Per-
kins,* Judge.

AFFIRMED.

*Sturgis & Geyer* and *Geo. Hubbert* for plaintiff.

(1) The court erred in modifying and changing
instruction No. 2a as asked by plaintiff and giving it
as 2b. The instruction is based on section 8767, Re-
vised Statutes 1899. The right to mine given by that
section terminates in three years. The instruction as
asked states in effect that the plaintiff had a right to
terminate the arrangement at that time and if he did
so, then the "former agreement was no longer bind-
ing." (2) Instruction No. 5 given for defendant is er-
roneous as a comment on the evidence. It singles out
the one fact of the check marked "in full to date" and
gives it undue prominence. Steinwender v. Creath,
44 Mo. App. 356; State v. Bell, 70 Mo. 633; State v.

Elkins, 63 Mo. 159; State v. Smith, 53 Mo. 267; Chau-
quette v. Borada, 28 Mo. 491; State v. Sivils, 105 Mo.
530; State v. Seal, 47 Mo. App. 603; Miller v. Marks,
20 Mo. App. 369; 1 Jones Ev., p. 3; 1 Best Ev., 10, et
seq.; Perry v. Railroad, 36 Iowa 106; 1 Jones Evidence,
page 3.    (3)   Any writing offered as containing an ad-
mission against the opposite party, is always subject
to contradiction or explanation, where the same calls
for any explanation or contradiction.   Duncan v. Mat-
ney, 29 Mo. 368; Wild v. B. & L. Ass'n, 60 Mo. App.
200.    (4)   In refusing to give instructions No. 8 and
11 the court in effect declined to submit to the jury
at all the plaintiff's theory of the case.    (5)   The court
erred in excluding the plaintiff's offer to testify as
to the advantages contemplated and to have been
gained by compliance with the condition of the respond-
ent's alleged agreement to itself do the developing and
mining work.

*Galen & A. E. Spencer* for respondent.

(1)   The chief issue was the terms of the agree-
ment under which defendant operated the land and
paid royalty to plaintiff.   (2)   Plaintiff's instruction
No. 2a was wrong until modified by the court, and given
as No. 2b.   It was also faulty in ignoring the defense
pleaded.   Link v. Westerman, 80 Mo. App. 592.    (3)
Defendant's No. 4 is but the converse of this as amended
by the court.    (4)   By defendant's No. 5 the court cor-
rectly declared that the fact plaintiff accepted from
defendant in July, 1899 (being the last payment) and
indorsed and cashed defendant's check reciting on the
face thereof that it was in payment of royalties from
the land in full to date, was "evidence of payment to
plaintiff, of royalties from said land to said date," and
then advised the jury that the burden rested on plain-
tiff to show the contrary.   Allamong v. Peoples, 75
Mo. App. 276; Beattie v. Hill, 60 Mo. 72; Thompson
Charging the Jury, p. 71.   A receipt is prima facie
evidence of payment.   19 Am. and Eng. Ency. Law

(1 Ed.), p. 1120; 19 Am. and Eng. Ency. Law (1 Ed.), p. 1128, and cases cited; Brauckman v. Leighton, 60 Mo. App. 38. (5) Plaintiff's No. 8 was properly refused. (6) Plaintiff's No. 9 is not based on any issue involved or evidence introduced in this case. (7) Plaintiff's No. 11 is so palpably erroneous as to make comment almost unnecessary.

SMITH, P. J.—The defendant is a corporation organized under article 9, chapter 12, Revised Statutes.

The plaintiff and defendant were owners as tenants in common of 160 acres of mineral land in Newton county, this State. The plaintiff's petition alleged that during the time of such co-tenancy the defendant caused said land "to be mined and operated by sub-tenants and licensees, for and during the times and years set out in his first count; and that, for the ores which were mined and taken and sold from said lands as set out in the first count and the annexed statement, all as aforesaid, the defendant has, from year to year and time to time, received as royalties and rent, from defendant's aforesaid subtenants and licensee operators and miners of said lands, fifteen per cent upon the values of the zinc ores mined, and twenty per cent upon the values of the lead ores mined, that is, for the years and to the amounts as set out in the above mentioned statement which is hereto annexed, all amounting to $27,739.48, of which $4,146.70 were due and payable to plaintiff yearly as received, and payment of the same has been demanded, but defendant paid only parts of the same, amounting to only $2,807.82, so that, defendant yet owes, and is indebted to plaintiff, on account of said collected royalty and rents, three-twentieths of twenty per cent on said lead ores and 15 per cent on said zinc ores, amounting to the sum of $1,338.88."

The answer was that, "about the time defendant acquired an interest in said land it was agreed with plaintiff that defendant should conduct mining operations thereon, and plaintiff should be paid and would accept in full settlement and payment of all claims

and demands for ores and minerals produced there-from, a royalty of three-twentieths of ten per cent of the value of all zinc ore, and three twentieths of fifteen per cent of the value of all lead ore mined and sold from said premises; that under and by virtue of said agreement defendant has conducted mining operations on said lands, and ores have been produced and sold therefrom, and defendant has paid plaintiff the full amount of said royalty on all said ores and minerals.''

The testimony of the plaintiff was that upon condition defendant put in certain mining machinery on the land and mined the same itself, that he would accept during defendant's exclusive occupancy a royalty of three-twentieths of ten per cent on all the zinc and fifteen per cent on all the lead thereon mined. The evidence of the defendant tends to show that the plaintiff made a parol lease of his moiety to it in consideration of the payment of the royalties already stated, and that there was no such condition in the lease agreement as that to which plaintiff testified. The evidence was quite conflicting.

The quantity of mineral taken from the land was agreed upon. And it was also agreed that the defendant had paid the plaintiff three-twentieths of ten per cent on all the zinc and fifteen per cent on all the lead mined on the land. It seems from the evidence that the defendant company itself did not operate the mines on the land, or, if so, not in recent years, but that it had placed various kinds of mining machinery thereon which was used by the miners to facilitate their operations in taking out mineral and milling the same. The evidence further shows that some years after the defendant had been in the exclusive occupancy of the land, that plaintiff complained twice or more that he was not receiving the amount of royalty to which he was entitled—or, in other words, that as the defendant was receiving from the miners a royalty of fifteen per cent on zinc and twenty per cent on lead, that he ought to have his three-twentieths share of such royalties instead of that which he had been receiving. Notwith-

standing such protests, the defendant continued to pay and the plaintiff to receive the same per cent of royalties as was paid and received at the beginning of the arrangement. At the end of each month a statement was made in detail of the number of pounds of mineral produced, the price received, etc., which with a check, upon which there was a notation what it was for, was mailed or handed to plaintiff.

The plaintiff claimed that the defendant having ceased to operate the mine and having dismantled the machinery erected on the land, and having leased it to others who paid on the mineral the fifteen and twenty per cent royalty, that he was entitled to his three-twentieths of the same. The cause was submitted to a jury whose verdict was for defendant.

The contention of the plaintiff, who has appealed, is that the trial court erred in the giving and refusing of instructions. The plaintiff questions the correctness of the action of the court in modifying his second instruction, but upon an examination of it we find that the modification is but the repetition of an expression of the law as requested and given in his first, and if it was an error it was invited by him and of which he can not be heard to complain.

The defendant gave plaintiff for the last month it was in the exclusive possession of the land under the agreement a check for the royalties on the quantity of mineral produced for that month, which check recited on its face that it was in payment of royalties in full, to date. This was accepted by the defendant without protest or objection of any kind. The court instructed the jury that the check so given and received was evidence of payment to plaintiff of royalties to date and that the burden of proof was on the plaintiff to show by the preponderance of the evidence that such payment was not so made and accepted. The check was prima facie evidence of the payment and of all the facts therein recited and when plaintiff indorsed and cashed it he made it with all its recitals his contract. Quat-

Vol 97 app—4.

trochi Bros. v. Bank, 89 Mo. App. 500; Penn v. Brashear, 65 Mo. App. 24; Riley v. Kershaw, 52 Mo. 224; Bigbee v. Coombs, 64 Mo. 529; Cole County v. Dallmeyer, 101 Mo. 57. It was of course open to explanation by parol. Griffith v. Creighton, 61 Mo. App. 1. This instruction was unexceptionable in enunciation.

The plaintiff further complains of the action of the court in refusing his eighth instruction which declared that "if the defendant undertook and agreed with plaintiff to carry on mining and pumping or drainage operations with its machinery on the land they owned between them, on consideration of which plaintiff agreed to accept less than what otherwise would have been his proportion of royalties received from mining licensees or tenant miners for ores mined from said land, and that the defendant company failed to so mine and drain the land as agreed, then the plaintiff was not bound by the agreement on his part, and he may lawfully claim and recover the full amount which he would otherwise have been entitled to as one of the owners and tenants in common with defendant." There is nothing in the plaintiff's petition justifying the submission of the case upon the theory of this instruction.

The action stated by the petition is that of one tenant in common against another for an accounting for the rents and profits received. Such an action could not be maintained at common law but this defect in it was remedied by the passage of the statute 4 and 5 Anne, chap. 16; Freeman on Co-tenants and Part., sec. 270; Ragan v. McCoy, 29 Mo. 356. And so it has been held that where one tenant in common *actually* receives the rent, issues and profits, then he may be compelled to account therefor. Freeman's Co-tenants and Part., sec. 273, and cases there cited.

This is not a case where one tenant has occupied the whole land and excluded his co-tenant from entering and enjoying the property. A tenant thus excluded would be entitled to recover his proper share of the rental value of the property as well as for waste without regard to the statute of Anne. Childs v. Railroad,

117 Mo. 414. But it is nowhere pretended that the plaintiff was excluded by defendant from his enjoyment of the land, so that there is no case stated in the petition unless it be for an accounting for the rents and profits actually received.    No contractual ingredient is included in the plaintiff's theory of the case.    Accordingly, it is plain that his eighth instruction had no place in the case and was properly refused.

It may be proper in this connection to remark that the second instruction requested by plaintiff and modified by the court did refer to an agreement, and while that part of 'the instruction was probably erroneous, it was given as requested by him.

As between tenants in common where one is in the exclusive possession with the consent of the other, we do not think sections 8766-8767, Revised Statutes have any application. The tenant so in possession in the absence of an agreement as to time is but one at will or from year to year. The relation between them is not governed by the mining statute. If the plaintiff leased his moiety to the defendant, then they bore the relation and were subject to the obligations and entitled to the rights of landlord and tenant. Freeman on Co-tenants and Part., secs. 164-268. If, therefore, the defense interposed by the answer was sustained, there could be no recovery upon the theory of accounting alleged in the petition.

The plaintiff's ninth instruction embodied no issue made by the pleadings in the case. The defense, as has been seen, was that the plaintiff entered into an agreement by which the defendant was to conduct mining operations on the land and to pay plaintiff a certain per cent of royalty on all minerals mined, and that it had paid plaintiff in full that per cent. There is no defense of accord and satisfaction or settlement or compromise by which the plaintiff agreed to accept or did accept a less per cent than that agreed upon. Had there been such an issue in the case it is likely the instruction would have been well enough.

And as to the plaintiff's eleventh, it is sufficient to say that the first part of it is correct in expression but the qualification following was incorrect. There was no contract pleaded by which the defendant agreed to mine and drain the land with machinery, in consideration of which plaintiff agreed to exact a less per cent of royalties than otherwise he would have been entitled as tenant in common. The instruction therefore exceeded the limits of the pleadings and was for that reason, if for no other, properly refused. Wright v. Fonda, 44 Mo. App. l. c. 642, and cases there cited.

And for like reasons the action of the court in declining to permit plaintiff to testify to the advantages that would result from mining and draining the land with machinery, etc., was proper. In view of the pleadings, the rulings of the court in respect to the admission of evidence and the giving of instructions were more favorable to plaintiff than they should have been, so that he has no just ground for complaint.

The judgment was for the right party and should be affirmed. All concur.