J. D. STROTHER, Respondent, v. AMERICAN COOPERAGE COMPANY, Appellant.

St. Louis Court of Appeals, February 13, 1906.

1. TIMBER MEASUREMENT: Sales. In a contract for the sale of standing timber of certain dimensions, it is presumed, in the absence of expressions showing a contrary intention, that the measurement was to be made at the stump.

2. ———: ———: Log Measure. Where a contract for the sale of standing timber, of certain dimensions, provided for payment at so much per thousand feet, "all of which timber is measured by Scribner's Log Measure," and it was shown that Scribner's rule was to measure each log at the smaller end, that provision of the contract was for the purpose of determining the amount of timber to be paid for after it was cut, not for the purpose of determining the size of the trees contemplated by the contract.

3. INJUNCTION: Trespass. Injunction will not lie to restrain the commission of an ordinary trespass, where there is an adequate remedy in damages against a solvent party.

4. ———: ———: Continuing Trespass. But where a purchaser of standing timber of certain dimensions was cutting timber not included in his contract, this was a continuing trespass, and injunction was the proper remedy to prevent it, for that reason, and also to avoid a multiplicity of suits.

5. PAROL EVIDENCE TO EXPLAIN WRITTEN CONTRACT. Parol evidence is not admissible for the purpose of explaining or qualifying a written contract unambiguous and explicit in its terms.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. R. Brewer* and *Ward & Collins* for appellant.

(1) There is no equity in respondent's petition, because he had an adequate remedy at law. This is a suit wherein appellant was cutting, under a contract, merchantable timber; the appellant not being a trespasser and being perfectly solvent, and its acts in cutting the timber not being irreparable, and being subject to calculation, therefore it could have been made to respond in damages. 2 Story's Equity Jurisprudence, sec. 929; Echelkamp v. Schrader, 45 Mo. 508. (2) The timber being cut was neither shade nor ornamental trees, but was merchantable timber on a large tract of land and had a market value; appellant was not insolvent, and it is not so alleged in respondent's petition; the respondent's petition contains the bare statement "that the damage to plaintiff is irreparable," but contains no statements showing this fact; the proof nowhere shows that the cutting of the timber did or could work irreparable mischief; nor are there any statements in respondent's petition showing that without the injunction it would involve him in a multiplicity of suits, except respondent's bare statement in his petition to that effect, and there is no evidence in this case to support this bare statement; hence, the respondent had an adequate remedy at law and this injunction cannot lie. State ex rel. v. Wood, 155 Mo. 447, 56 S. W. 474; 1 High on Injunctions (3 Ed.), sec. 34; Verdin v. City of St. Louis, 131 Mo., 106, 107, 33 S. W. 480, 36 S. W. 52; Gordon v. Mansfield, 84

Mo. App. 372. (3) The trial court erred in permitting the respondent to declare on a contract providing "the dimensions of the timber should be fifteen inches at the stump," and supporting his petition by offering, over the objections and exceptions of appellant, in evidence a contract providing that "all ash timber of the diameter of fifteen inches and under .  .  .  all of which said timber is to be measured. by Scribner's log measure;" thereby causing a fatal variance between the allegations in respondent's petition and the proof sustaining the same. O'Brien v. Loomis, 43 Mo. App. 29; Wright v. Fonda, 44 Mo. App. 634; Hurley v. Railroad, 57 Mo. App. 675. (4)    The court erred in permitting respondent, over the objections and exceptions of appellant, to offer parol testimony to contradict, add to, subtract from, and vary the written contract offered in evidence by the respondent to the great prejudice of the appellant; and such evidence was not introduced to show the meaning of technical terms, or latent ambiguities.    Clamorgan v. Giusse, 1 Mo. 141; Johnson Co. v. Wood, 84 Mo., 489; Thompson v. Thorne, 83 Mo. App. 241.    (5)    The court erred in refusing to permit appellant to show that the ash timber on the land mentioned in respondent's petition was swell-butted and that this fact was well known and understood by respondent at the time he sold same to Ferguson; that said fact was known to said Ferguson; and that said ash timber was fifteen inches at the stump, was mere sapplings and only a few inches in diameter a few feet up the tree, having no market value for any purpose.    This evidence was admissible for the purpose of construing the contract to mean just what it said viz., that the timber should be measured at the small end of the log, of customary length according to Scribner's rule, and such log should not exceed fifteen inches in diameter at the small end, and was further admissible to shed light upon the intent of the parties and to make their contract, and every clause in it, operative and not

inoperative. Sedalia Brewing Co. v. Sedalia Water
Works Co., 34 Mo. App. 49; Huse and Loomis Ice and
Transit Co. v. Heinze, 102 Mo. 245, 14 S. W. 756; Car-
ter v. Arnold, 134 Mo. 195, 35 S. W. 584.

*C. G. Shepard* and *Faris & Oliver* for respondent.

(1)  Appellant seems to be under the delusion that
because the timber in question being neither shade nor
ornamental trees but being merchantable timber on a
large tract of land, it had a market value and therefore
injunction would not lie: As authority for that position
he cites: State ex rel. v. Wood, 155 Mo. 425, 56 S. W.
474; 1 High on Injunction (3 Ed.), sec. 34; Verdin v.
City of St. Louis, 131 Mo. 106, 107, 33 S. W. 480, 36 S. W.
52; Gordon v. Mansfield, 84 Mo. App. 372  (2) The ques-
tion in this case has frequently been before the appellate
courts of this State, and the courts have invariably up-
held the rights of injunction. A few of the Missouri au-
thorities direct in point we cite below: Palmer v. Crisle,
92 Mo. App. 510; Turner v. Stewart, 78 Mo. 480; Mo.
Pike v. West, 71 Mo. 199; Heman v. Wade, 74 Mo. App.
339; Bailey v. Wade, 24 Mo. App. 186; Whipple v. Mc-
Intyre, 69 Mo. App. 397; Paddock v. Somes, 102 Mo. 226,
14 S. W. 746.  (3) We have been unable to find where
any case involving exactly the same points, has been be-
fore either of the appellate courts of this State, but we
find where the same question has been before the appel-
late courts of Kentucky, Maine, and New Hampshire.
And in each of the states named the court held that
where timber sold was of a certain size, and the place of
measuring to ascertain the size was not mentioned in
the contract, the diameter of the trees to be cut would
be determined by the measurement at the stump. Leon-
ard, v. Holland, 79 S. W. 227; Peusi v. Gibson, 6 Me. 81;
Olmstead v. Miles, 7 N. H. 522; Alcutt v. Larkin, 33 N.
H. 507.

BLAND, P. J.—On April 13, 1903, plaintiff, by his attorney, C. G. Shepard, made and entered into the following contract with P. P. Ferguson:

"This agreement made and entered into this, the thirteenth day of April, 1903, by and between J. D. Strother, of Pemiscot county, Missouri, party of the first part, and P. P. Ferguson, of Pemiscot county, Missouri, party of the second part, witnesseth:

"For and in consideration of the sum one hundred dollars cash in hand paid by the party of the second part, to the party of the first part, the receipt of which is hereby acknowledged and the further agreements, covenants and stipulations herein mutually agreed to be kept, done and performed, and the further sums of money herein agreed to be paid, the party of the first part does hereby grant, bargain, sell and convey to the party of the second part all of the ash timber of the diameter of fifteen inches and under, now standing, being and growing on a tract of land containing 1,280 acres more or less, in township 18, range 11, E., in Pemiscot county, Missouri, and being the land bought by J. D. Strother of Hunter and Davis; the said second party is to have the same time to cut and remove said timber as the first party has for moving timber on said land which yet belongs to him. The second party hereby agrees to pay to the first party for the timber above mentioned the sum of thirty cents per thousand for each and every thousand feet of timber so cut on said land, all of which said timber is to be measured by Scribner's log measure, said sum of thirty cents per thousand feet is to be paid monthly, for all the timber so cut the previous month; the second party agrees to enter on the removing of said timber on or before the first day of June, 1903, and use due diligence in the removing of said timber, and binds himself to cut and remove all of the merchantable timber hereby conveyed by the time heretofore given J. D. Strother for the removing said timber; the party of the first part hereby

agrees that the one hundred dollars so paid on said timber as above mentioned, shall apply as payment on the first timber cut by the second party, and there shall be no money due under this contract for timber so cut until sufficient amount has been cut to cover the amount of one hundred dollars as aforesaid."

Subsequently, Ferguson assigned and transferred the contract to the defendant, an Iowa corporation.

The evidence shows that plaintiff had purchased of the owner of the land, the standing timber on the twelve hundred and eighty acres of land, mentioned in the contract; that this timber was largely ash, suitable for manufacturing into lumber, and that ash saw timber was worth six dollars per thousand in the stick; that ash timber fifteen inches and under at the stump was too small to be used as saw timber and was worth only thirty cents per thousand; that there was a considerable quantity of ash timber fifteen inches and under at the stump, standing on the land; that after acquiring the tract, defendant, by its superintendent and employees, went upon the land and at first only cut such timber as was fifteen inches and under at the stump; that to ascertain the size of the trees they had a string by which they measured them, measuring around the trees at the place where they were to be cut; that later on they got a sixteen-foot pole and measured sixteen feet up the trees and cut all trees fifteen inches and under at the top; that the plaintiff ascertained defendant was cutting timber over fifteen inches at the stump, and saw Tucker, defendant's superintendent, and informed him that his men were cutting timber over fifteen inches at the stump.

Plaintiff testified that Tucker expressed surprise at his men cutting timber larger than fifteen inches at the stump, and assured plaintiff that it would not occur again and that the company would pay for the larger timber already cut, but that defendant continued to cut the larger timber. Plaintiff petitioned the court to en-

join the defendant from cutting timber on the land, over fifteen inches in diameter at the stump. A temporary injunction was issued which on final hearing was made perpetual. Defendant appealed.

On the hearing defendant offered proof that the ash timber on the land was hollow and "swell-butted" and that an ash tree fifteen inches at the stump was a mere pole or sapling and but a few inches in diameter a few feet up the tree, and that these facts were well known to the plaintiff and Ferguson at the time they entered into the contract. The court refused to hear this evidence.

It was shown that the method of measuring timber by Scribner's log rule was to measure each stick at the small end, and that the lengths into which timber was cut when sold by the thousand, were fourteen, sixteen and eighteen feet. There is no evidence that defendant cut timber over eighteen feet in length or exceeding fifteen inches in diameter at the small end.

1. In respect to the contract of sale, we think it is plain that the timber sold was ash trees fifteen inches and under at the stump, and this, according to the evidence, was the construction defendant's superintendent first put upon the contract and first acted on. It is the general understanding, when one speaks or writes about the size of a standing tree and says or writes that it does or will measure fifteen inches, he means it will measure fifteen inches in diameter at the stump, and it was so judicially determined in Leonard v. Holland, 79 S. W. 227, where it was ruled that under a contract for the sale of oak trees, twelve inches in diameter, the diameter should be determined by measurement at the stump. It must be presumed that the parties, when they made the contract, had measurement at the stump in their minds, unless other expressions in the contract show they had a different understanding. Defendant contends that the stipulation in the contract that, "for each and every thousand feet of timber so cut on said

land, all of which said timber is to be measured by Scribner's log measure, said sum of thirty cents per thousand feet is to be paid," shows that the timber sold was all ash timber on the land fifteen inches and under at the top. This clause of the contract, relied on by the defendant, has sole reference to the measurement of the timber after, not before, it was cut, and was incorporated into the contract as a rule by which to ascertain the amount of timber defendant should pay for.

2. Defendant contends that there is no equity in the bill, that it is not alleged that defendant is insolvent, and the proof shows that the timber had a market value and can be compensated for in an ordinary action for damages. The petition alleges, that the trespass—the wrongful cutting of ash timber over fifteen inches in diameter at the stump—is of daily occurrence and to recover compensation in damages would necessitate a multiplicity of suits. The evidence supports this statement. The general rule in respect to the jurisdiction of courts of equity in cases of trespass is thus stated by CURRIER, J., in 45 Mo. l. c. 507-8:

"The jurisdiction of courts of chancery in cases of trespass is of modern orgin, and it is uniformly held that an injunction will not be awarded to restrain the commission of an ordinary trespass where the injury flowing from it is not irreparable, and where an adequate remedy may be had in the recovery of damages against a solvent party. Chancellor Kent reviews the subject elaborately in Jerome v. Ross, 7 Johns. Ch. 315, and reaches the result above stated. He says: 'I do not know a case in which an injunction has been granted to restrain a trespasser merely because he is a trespasser.' "

This general ruling has several qualifications: one is, where the law does not afford an adequate remedy, a remedy by injunction exists, even though the trespasser is solvent. [Turner v. Stewart, 78 Mo. 480; Melcher v. Bank, 85 Mo. l. c. 369; Gordon v. Mansfield, 84 Mo. App.

372; State Savings Bank v. Kercheval, 65 Mo. 688; Taylor v. Todd, 48 Mo. App. 1. c. 556; Palmer v. Crisle, 92 Mo. App. 516; Heman v. Wade, 74 Mo. App. 339.] Another exception is when the trespass complained of is continuous or of frequent occurrence, or where the party complained of threatens to continue his wrongdoing. Plaintiff's case clearly falls within this exception. Another exception is, that injunction will lie to prevent a multiplicity of suits. We think the case also falls within this exception.

3. The excluded evidence offered by defendant to show that the ash trees on the land were all hollow at the butt, we presume, was offered for the purpose of throwing light on the contract of sale. The contract is unambiguous; its language is clear and explicit and its terms easy of interpretation, therefore, parol evidence of any kind was inadmissible to explain, qualify, restrict or enlarge any of its terms.

No error appearing in the record, the judgment is affirmed. All concur.