## WILLIAM D. BUSH, Appellant, v. JOHN BRANDECKER, Respondent.

### Kansas City Court of Appeals, February 4, 1907.

1. **TRIAL AND APPELLATE PRACTICE: Jury Questions: Affirming Judgment.** Where the matters to be determined have been contested before the jury the judgment should be affirmed, unless there is substantial error affecting the rights of the parties, since the appellate court cannot substitute itself for the jury; and where the matters relating to the loan and payment of certain moneys and their credit upon a certain note were submitted to the jury on conflicting evidence, the finding is conclusive upon the appellate court.

2. ————: **Conduct of Parties on Stand: Exception.** Though the conduct of parties when on the stand as witnesses deserves reprimand, yet as there was no exception saved the appellate court cannot notice it.

3. **Trial Practice: Excessive Verdict: Remittitur: Instruction.** Where by mistake the jury computed compound interest for the whole term, where it should have been computed only for the first year, the excessive verdict may be cured by remittitur.

4. **CONTRACT: Checks: Memorandum: Instruction.** Certain checks contained such memorandum as "to be returned when needed" and "this loan to be paid on demand." *Held*, that they did not constitute a contract beyond the reach of explanation, and the jury were properly instructed that such memoranda did not establish a contract, but the recital should be considered along with the other facts and circumstances appearing in evidence.

5. **BILLS AND NOTES: Payments: Loans: Instruction.** Plaintiff
sued for certain loans of money. The defendant answered set-
ting up a note against the defendant and that the moneys were
credited on the note. The plaintiff replied that the note was
paid by legal service, and besides was barred by the Statute
of Limitations, and that the payments of money were loans and
not to be credited on the note. An instruction telling the jury
if the note was not paid and not barred they should find for the
defendant the amount of the note, less the credits and less any
amount defendant may owe the plaintiff not covered by the
credit. *Held*, the instruction was proper, since from the evi-
dence the jury might have believed that some of the amounts
were borrowed and others which were paid within the period
of limitation were not.

6. ———: ———: ———: **Verdict.** *Held*, the jury found that de-
fendant had not given up plaintiff's note as paid by his services,
and also that some one or two more of the other amounts given
over to defendant by plaintiff were paid as credits on the note and
were not loans and their finding under the instructions is con-
clusive; and that it is a matter of no importance whether the
different sums were payments on the notes or loans, as whether
the one or other they have been allowed plaintiff on his note.

Appeal from Saline Circuit Court.—*Hon. L. W. Scott,*
Judge.

AFFIRMED.

*Thomas H. Harvey* and *Robert M. Reynolds* for ap-
pellant.

(1) Having accepted these checks with the recitals
thereon and having indorsed and cashed them, they be-
came defendant's contract. Gregg v. Land & Mining
Co., 97 Mo. App. 49. (2) The court erred in refusing
to give instruction to the effect that the jury must find
against the defendant on his counterclaim. (3) The
court erred in giving instruction numbered 2 on
behalf of the defendant. Stevenson v. Hancock,
72 Mo. 612; Welch v. Railroad, 20 Mo. App. 163;
Frank v. Railroad, 57 Mo. App. 181; Gregg v. Land
& Mining Co., 97 Mo. App. 49, and authorities cited;
Linn v. Bridge Co., 78 Mo. App. 118; Shoe Co. v. Lisman

& Ramsey, 85 Mo. App. 344. (4) The verdict of the jury was against the evidence and the weight of the evidence, and was the result of passion and prejudice. Whitsett v. Ransom, 79 Mo. 258; Garrett v. Greenwell, 92 Mo. 125; State ex rel. v. Guinotte, 156 Mo. 521; Kennedy v. Transit Co., 103 Mo. App. 8. (5) The court erred in giving instruction numbered 5 on behalf of the defendant. Goddard v. Williamson, Admr., 72 Mo. 131; Loewer v. Haug, 20 Mo. App. 163; Gardner v. Early, 78 Mo. App. 346; Phillips v. Mahan, 52 Mo. 197; Regan v. Williams, 88 Mo. App. 586. (6) The court erred in permitting the defendant, over the objections of plaintiff to denounce plaintiff from the witness stand as a rascal, a dishonest man and a swindler. The appellate courts have repeatedly held that it is reversible error for counsel in their argument to the jury to cast unwarranted reflection upon a party to the suit. Tathman v. Tumilty, 34 Mo. App. 241; Gibson v. Zeibig, 24 Mo. App. 69; Smith v. Tel. Co., 55 Mo. App. 626; Ensor v. Smith, 57 Mo. 593; Rice, Stix & Co. v. Sally, 176 Mo. 146; Haynes v. Trenton, 108 Mo. 133. (7) The verdict of the jury was an impossible verdict that is to say that the sum for which it was returned was for an amount over twice as large as the old note held by defendant against plaintiff would compute. It was unwarranted by the law and the evidence and was so grossly excessive and illegal as to show that the plaintiff's side of the case was never considered by them. Such a verdict cannot be cured by a remittitur. Kelsey v. Bleckman, 46 Mo. 320; Doty v. Stemberg, 25 Mo. App. 328; Sheedy v. Union Press Works, 25 Mo. App. 527.

*Robert B. Ruff* and *William G. Lynch* for respondent.

(1) No peremptory instruction could properly have been given by the court in this case, for the reason that the issues were fairly drawn and supported by evidence

on both sides, and the jury were the sole and exclusive judges of the weight and probative force of the evidence. Knapp v. Hanley, 108 Mo. App. 360; McLain v. Railroad, 101 Mo. App. 384; Montgomery v. Railroad, 181 Mo. 504. (2) The rule is, that it is the fact of the partial payment of the note or instrument which is barred by the Statute of Limitations and not the formal crediting thereof on the back of the note or instrument which revives a debt. Elsea v. Prior, 87 Mo. App. 161; Gardner v. Early, 78 Mo. App. 351; Henry v. Diviney, 101 Mo. 384; Regan v. Williams, 88 Mo. App. 586. (3) The court committed no error in giving instruction numbered 2 on behalf of the defendant. Gregg v. Land & Mining Co., 97 Mo. App. 49; Quattrochi Brothers v. Bank, 89 Mo. App. 508; Cole Co. v. Dallmeyer, 101 Mo. 67; Bigbee v. Coombes, 64 Mo. 530; Griffith v. Creighton, 61 Mo. App. 3. (4) The court committed no error in giving instruction numbered 5 on behalf of defendant. (5) Inasmuch as the excess of the verdict was cured by the remittitur by a proper computation of the said note, plaintiff cannot now complain. Smith v. Royse, 165 Mo. 658.

ELLISON, J.—Plaintiff instituted this action to recover money alleged to have been loaned to the defendant at different times, aggregating the sum of $860. Defendant by his answer denied borrowing any money of plaintiff, but alleged that plaintiff owed him a note dated May 13, 1890, for $1,698.95, due in one year from date with ten per cent interest. The plaintiff, by reply, alleged that the note was not a subsisting obligation; that it had been paid by legal services rendered to defendant by plaintiff as a lawyer; which services defendant agreed should be in full discharge of the note. He also pleaded that the note was barred by the Statute of Limitations. Judge Davis having been advised with while in the practice, did not try the case, and L. W. Scott,

Esq., of the Saline county Bar, was selected as special judge in his stead.

The record discloses that the dispute between these parties provoked a vigorous and somewhat bitter contest in the trial court. But, after full examination of the proceedings, aided by the argument of the respective counsel, both orally and in writing, we find, as we shall presently show, that there is little left for an appellate court to decide. The note to defendant for $1,698.95 is admitted by plaintiff. The sums of money which plaintiff claims were loans made to defendant, the latter admits he received. He also admits that plaintiff performed certain legal services for him. But plaintiff claimed at the trial that the note had been discharged by legal services rendered for defendant and that the sums credited on the note were put there without his consent or knowledge. That the amounts of money which defendant received from him were as loans and not payments on the note. While defendant claimed that the note was not settled and discharged by the legal services and that he did not agree that it should be. That he never borrowed money of plaintiff and that the money paid to him was in response to his demands upon plaintiff for payments on the note. These matters were all the subject of a sharp and acrimonious contest before the jury and have been determined in the defendant's favor. So, therefore, unless there has been some error in the trial substantially affecting the rights of the plaintiff we must affirm the judgment. Otherwise, we substitute ourselves for the jury and overturn a fundamental rule of law [Montgomery v. Railway Company, 181 Mo. 477, 504].

In looking to the very few questions of law which the case presents, it appears only the more clearly how it is peculiarly one for the determination of the jury. In the first place the note which plaintiff gave to defendant was left outstanding in defendant's hands when this ac-

tion was begun. Presumptively, it was a subsisting obligation, but not conclusively so. For plaintiff explained that it was paid by the performance of legal services, and when performed, he demanded the note, but that defendant excused himself from delivering it by the statement that it was misplaced. Thus the questions here made were reduced by the law, to a simple matter of fact.

Again, the money given over to defendant by plaintiff, with two exceptions, was paid by checks on a bank at Marshall. Plaintiff wrote on these checks indicating that the money was loaned to defendant. Thus, on one were the words, "To be returned when needed;" and on another, "This loan to be repaid on demand," etc., etc. Accepting and cashing such a check presumptively established a loan, but not conclusively so. Defendant explained that the checks were brought to him at his house at about dark; that he was not familiar with business transactions; that he trusted the plaintiff to be fair with him and that he did not notice these additions to the checks and supposed they were merely for money which he was to credit on the note, since they were given to him in response to his demand for a payment. Thus, again, the question was reduced to one of fact.

One of the payments by plaintiff to defendant was evidenced by the latter's note for $100. But defendant explained that he thought it was a receipt for the money, and signing the note instead, was on account of his misapprehension, thus making another question for the jury. Another of the payments plaintiff stated was evidenced by a receipt which he had lost.

As already stated, one of plaintiff's defenses to the note which defendant held against him, was that it was barred by the Statute of Limitations. The note was executed by him on May 13, 1890, and was due in twelve months, May 13, 1891. Limitations began to run against it on the latter date and, without suit or payment, would

bar it in May, 1901. It was not put in suit (by intro-
duction into this action by way of answer) until the
year 1905. It was therefore barred unless kept alive by
payments. Prior to May, 1901, three of the alleged pay-
ments were made, viz., January 6th and December 27,
1900, and March 21, 1901. The issue in respect to such
payments was properly submitted to the jury.

It is stated that the judgment should be reversed on
account of disrespectful remarks made by defendant con-
cerning the plaintiff while the former was testifying.
We think both parties, when on the stand, used expres-
sions which were improper. There was, however, no ex-
ception taken to the trial court not reprimanding the
defendant for his conduct and we therefore cannot no-
tice it.

It is also claimed that the court erred in permitting
defendant to make a remittitur. It seems to have been
supposed that the note drew interest, compounded an-
nually; when, in fact, by its terms, interest would only
be compounded the first year. The jury found the full
amount of the note, less payments, by computing interest
compounded annually. The remittitur was for this ex-
cess of interest, and we are of the opinion the trial judge
properly allowed it to be entered. The authorities cited
by plaintiff are not applicable.

What we have written disposes of many objections
made to instructions including the refusal of one per-
emptorily directing the jury to find for plaintiff. It is
a mistake to suppose that the fact of the checks con-
taining a statement that they were for borrowed money,
as above set out, and being cashed by defendant made a
contract beyond the reach of explanation. The case of
Gregg v. Land & Mining Co., 97 Mo. App. 49, does not
support that idea. It asserts that such facts were open
to explanation. Whatever in plaintiff's instructions
would bear the construction which he contends for here,
is simply error in his favor and cannot be the subject

of complaint at his hands. Such instructions were rightly limited or controlled by a proper instruction (No. 2) for defendant which informed the jury that plaintiff was not suing on the checks as contracts, and that they should not be considered as, alone, establishing a contract of borrowing, but that their recitals should be considered along with the other facts and circumstances appearing in evidence.

We have already said that in our opinion there is evidence in the record tending to prove payments on the note so as to prevent the bar of the statute and therefore disallow the objection to instruction numbered 4, for defendant.

Neither do we find the objection to defendant's instruction number 5 to be well made. It submits the hypothesis that even though the jury should believe that the defendant borrowed any of the different amounts claimed, yet if they believed the note was not paid and was not barred by limitations, then they should find for the defendant the amount of the note less the credits; and less any amount defendant may owe the plaintiff not covered by the credits. That was a proper instruction, unless it be the last clause. The evidence, considered with the circumstances and reasonable inferences to be drawn therefrom, might have led the jury to believe that some of the amounts were borrowed and others which were paid within the period of limitation were not. Whatever effect the last clause could possibly have would be against the defendant, since there is no evidence of anything, which is properly claimed by the pleadings in the case, going to show an indebtedness to plaintiff "not covered by the credits." We do not believe, as claimed by plaintiff, that the jury could possibly have been confused or misled.

Neither is there good ground of objection to instruction number 11, for the defendant. The greater part of what we have just written as to number 5, applies to it.

It was within the legitimate province of the jury to say from the evidence that, for instance the first credit on the note of $50, January 6, 1900, was a payment on the note, while some of the other credits were not. That one payment would have prevented the bar of the statute.

We have gone carefully over the entire record and find that the case is essentially one which is to be determined by the view which a jury would take of the evidence produced before them, and with the result of their determination we have no rightful power to interfere. The counsel for the respective parties have furnished us with a citation of many authorities, to be found in their briefs, supporting and illustrative of the various points suggested for and against the result in the trial court. The judgment is affirmed. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—An examination of the record satisfied us that, under proper instructions in relation thereto, the jury found that defendant did not agree to give up to plaintiff the latter's note of $1,698.95 for legal services performed for defendant; and that, at least, some one or more of the amounts given over to defendant by plaintiff were paid as credits on the note and were not advanced as loans. The jury thus found, under proper direction, that plaintiff's note to defendant was not barred, but was a valid subsisting obligation.

Defendant, by his answer, makes use of this note in two ways. He admits he received the different amounts from plaintiff, but he alleges that they were not loans made to him but were paid to him to be credited on the note and that he did so in each instance. He then, separately, proceeds to plead the note as a counterclaim to each count in the petition. Keeping in mind that the jury found the note was not to be cancelled in settlement of legal services and that it was not barred by the

Statute of Limitations, it is of no practical importance whether the different sums paid to defendant were payments on the note or loans made to defendant, as, whether made for one purpose or the other, they have been allowed to plaintiff on his note.

We went over as much of the case in our opinion as was practicable within reasonable limits. Necessarily, we could not refer in detail to all of the evidence, nor to every phase of the case; but it does not follow from that fact, that we overlooked them. The motion for rehearing should be overruled. All concur.