R. H. DAVIS, APPELLANT, v. R. A. BYRD, O. H. BYRD, LORRELL SMITH, ET AL., RESPONDENTS.—185 S. W. (2d) 866.

Springfield Court of Appeals.   February 15, 1945.

*Roy Coyne* and *R. H. Davis* for appellant.

582

*Vern E. Thompson* and *Loyd E. Roberts* for respondents.

FULBRIGHT, J.—This is a proceeding by injunction, the purpose of which is to restrain and permanently enjoin defendants from prospecting, mining and removing mineral ore from certain tracts of land. To plaintiff's petition defendants Byrd, Smith, Long and Richards filed their general demurrer for the reason "that said petition does not state facts sufficient to constitute a cause of action." The demurrer was sustained by the court and plaintiff, electing to stand on his petition, refused to plead further. Whereupon, the court dismissed the cause and plaintiff duly appeals.

Since the sufficiency of the petition is the issue to be determined we deem it proper to set it out in full, omitting caption and signatures:

"Plaintiff for his cause of action states that he is now and was at all of the times herein mentioned, the owner of an undivided one-half interest in and to the north east quarter of Section 19, Township 28, Range 32, that is not platted and laid out in city lots, in Jasper County, Missouri, upon said northeast quarter are located miscellaneous lots 2 and 4, said lots having been platted under either the authority of the City of Webb City, Missouri, or of the County of Jasper, State of Missouri, for the purpose of taxation; that defendants Hendrickson and Hendrickson are the owners of an undivided one-fourth each in and to said above described real estate. Plaintiff further states that defendants Byrd and Byrd and defendant Smith, without any authority or permission from plaintiff, on or about the — day of —, 19—, entered into and upon said lots above described, and commenced prospecting and mining said lots 3 and 4 for the lead and zinc ores therein contained, and have up to the present time continued to prospect and mine said lots, and to extract and take therefrom all lead and zinc ores located and found in said lots, and have been selling and disposing of all ores mined and taken from said lots and converting the proceeds thereof to their own use and benefit.

"Plaintiff further states that defendants Byrd and Byrd and defendant Smith claim and assert that they are prospecting and mining said lots 3 and 4 under either a contract for a lease or a lease of said lots from defendants Long and Richards and Hendrickson and Hendrickson.

"Plaintiff further states that such contract or contracts or lease or leases, if any, are as to plaintiff null and void and of no force or effect, and that they have no legal right to mine and prospect said lots and to take from said lots the mineral ores found therein, against the will of the plaintiff. Plaintiff further states that defendants Long and Richards have no right, title or interest in and to said lots or any part thereof, and that all contracts and leases, if any, given by them to defendants Byrd and Byrd and Smith are, as to plaintiff, null and void and of no force and effect.

"Plaintiff further states that defendants O. H. Byrd and Smith are wholly insolvent and have no property subject to attachment or execution; that defendant R. A. Byrd is a non-resident of the State of Missouri, and has no property in the State of Missouri, subject to attachment or execution; that defendant C. N. Hendrickson is a non-resident of the State of Missouri, and cannot be served in this State with the ordinary process of law, and that defendant R. A. Byrd is also a non-resident of the State of Missouri, and cannot be served in said State with the ordinary process of law. Wherefore, plaintiff prays the court to permanently enjoin and prohibits defendants Byrd and Byrd and Smith from prospecting and mining said lots 3 and 4 and

from selling and disposing of the ores mined and extracted therefrom and from selling and disposing of them and from all other relief to which plaintiff may be entitled under the pleadings and evidence in the case.''

Since the pleadings clearly reveal the issues no further statement is required.

''By filing their demurrer defendants admit all the material allegations of the petition and if, when taken as a whole, the petition states a cause of action the demurrer was improperly sustained, but if, admitting all of the allegations in the petition to be true, plaintiff has a complete and adequate remedy at law, the demurrer should be sustained. [Planet Property & Financial Co. v. St. L., O. H. & C. Ry. Co., 115 Mo. 613, l. c. 619, 22 S. W. 616, l. c. 617.]

It must be kept in mind that the parties hereto, according to the allegations of the petition, are tenants in common of mineral lands. Plaintiff contends that ''it is trespass for one cotenant or his lessee to mine real estate and to sell and dispose of ores mined therefrom without the consent of his cotenant, and injunction will lie to enjoin and restrain the further mining of the property.'' His theory is that a tenant in common, regardless of the extent of his interest, may prevent the mining of mineral lands by refusing to join his cotenant in the enterprise, and that said cotenant cannot mine the land himself or through lessees, even though in so doing such cotenant or his lessees do not exclude or attempt to exclude their tenant in common from exercising the same rights and privileges. Such a rule, of necessity, must be based on the theory that one cotenant entering upon and mining the common property against the will of the other, is a trespasser and that the digging into the soil and removing ore therefrom constitutes waste. We find no case in Missouri which we think is clearly in point and none has been cited that is decisive of this question.

Plaintiff relies largely on the case of K. C. So. Ry. Co. v. Sandlin, 173 Mo. App. 384, 158 S. W. 857. This is a case in which plaintiff sought to enjoin the defendant from mining and removing ore from a narrow strip of land which constituted a part of plaintiff's right of way and which in some respects is similar to the case at bar. In the course of its opinion the court said: ''The lessee of one tenant in common has no right to mine and take mineral ores from a tract of land against the will and without the consent of the other cotenant.''

As we view the case, the above quoted matter is purely *obiter dictum*. The court found that the parties to the action were not cotenants or the lessees of cotenants and that plaintiff held only an easement. The case turned on the question of property rights only as against the safety and preservation of human life and limb and whether mining operations could be conducted under a railroad right of way when by so doing the rights of the surface owners would be jeopardized and the safety of individuals imperiled.

Plaintiff also cites the case of Strothers v. American Cooperage Co., 116 Mo. App. 518, 92 S. W. 758. This case grew out of the cutting of standing timber and is not in point. It was therein held that where a purchaser of standing timber was cutting timber of a dimension not included in his contract that it constituted a continuing trespass and that injunction was the proper remedy. We have closely examined the many decisions cited, as well as others discovered in our research and are lead to the conclusion that the same rule that applies to growing timber should not apply to ore in place.

However, plaintiff's theory finds support in the following cases from other jurisdictions: Law v. Heck Oil Co. (W. Va.), 145 S. E. 601; Zeigler v. Brenneman (Ill.), 86 N. E. 597; Clark v. Whitfield (Ala.), 105 So. 200, l. c. 206; Williams v. Jones (W. Va.), 27 S. E. 411. If these cases are to be followed, as well as others that might be cited, we should sustain plaintiff's contention.

However, from an examination of the authorities there appears to be two distinct rules: The one upon which plaintiff relies and to which we have heretofore referred, and the other upon which defendants rely to the effect that one cotenant may mine the common property or lease it for mining purposes, provided in so doing he does not seek to or in effect exclude his cotenant from an equal participation in the property; and in such case the removal of ore from the property by such cotenant or his lessee is not waste and is not subject to control by injunction either on the theory of removal of a part of the estate as waste or to prevent a continuous trespass. This rule, we think, finds support in the following cases: 1 Barringer and Adams, The law of Mines and Mining, pp. 18 & 19; Watson v. The Union Gravel Co., 50 Mo. App. 635; Metzger v. Metzger (Mo. App.), 153 S. W. (2d) 118, l. c. 122; McCord v. Oakland Quicksilver Min. Co. (Calif.), 27 Pac. 863; Clowser v. Joplin Mining Co. (Mo. 1877), Federal Case No. 2908A, reported in note to Bly v. United States, 4 Dillon 469, C. C. W. D. Mo.; Earp v. Mid-Continent Pet. Co. (Okla.), 27 P. (2d) 855, 7 R. C. L. 834; Graham et al. v. Pierce (Va.), 19 Gratt. 28, 100 Am. Dec. 658, 14 Mor. Min. Rep. 308, 315; Job v. Potton, L. R. 20 Eq. 84, 93, 14 Mor. Min. Rep. 329; New Domain Oil & Gas Co. v. McKinney et al., 188 Ky. 183, 221 S. W. 245, 250; Burnham et al. v. Hardy Oil Co., et al. (Texas Civ. App.), 147 S. W. 330, Affirmed, 108 Texas 555, 195 S. W. 1139; Compton v. Peoples Gas Co., 75 Kans. 572, 89 Pac. 1039, 10 L. R. A. (N. S.) 787; Silver King Coalition Mines Co. v. Silver King Consol. Mining Co. (CCA-8), 204 Fed. 166, 122 C. C. A. 402, Ann. Cas. 1918B, 571; York v. Warren Oil & Gas Co. (Ky.), 229 S. W. 114, 115.

In the case of Prairie Oil & Gas Co. v. Allen (Okla.), 2 Fed. 566, 40 A. L. R. 1389, l. c. 1396, it is stated: "Tenants in common are the owners of the substance of the estate. They may make such reasonable use of the common property as is necessary to enjoy the benefit

and value of such ownership. Since an estate of a cotenant in a mine, or oil well can only be enjoyed by removing the products therefrom, and the taking of mineral from a mine and the extraction of oil from an oil well are the use and not the destruction of the estate. This being true, a tenant in common, without the consent of his cotenant, has the right to develope and operate the common property for oil and gas, and for that purpose may drill wells and erect necessary plants. He must not, however, exclude his cotenant from exercising the same rights and privileges." [See authorities cited.] The numerous cases there cited fully support the above statements of law and throw much light on the questions that arise in the case at bar.

The Prairie Oil Case quotes with approval the following from the case of McCord v. Oakland Quicksilver Min. Co. (*supra*): "The tenant in common of a mine may occupy it for the purpose contemplated by all, even though a portion of the soil or ore be removed. Each tenant has the right to use the mine, and, as was intimated by the Supreme Court of Pennsylvania, so long as an estate is used according to its nature 'it is no valid objection that the use is consumption, and it is no fault of the tenant that it is not more endurable.' [Irwin v. Covode, 24 Pa. 162, 15 Mor. Min. Rep. 120.] The taking of ore from the mine is rather the use than the destruction of the estate within the meaning of the general rule. The results of the tenant's labor and capital are in the nature of proceeds, or profits, the partial exhaustion being but the incidental consequence of the use."

Further quoting from the opinion in the Prairie Oil case: "In the case of York v. Warren Oil and Gas Co., 191 Ky. 157, 229 S. W. 114, the court, after quoting extensively from the earlier case of New Domain Oil and Gas Co. v. McKinney (*supra*) said: 'It will thus appear that this court is committed to the doctrine that one cotenant may lease his undivided interest in the joint real property for oil and other mineral and such lease contract is valid and binding on the cotenant making the same but not upon the other cotenants; however, the lessee becomes a cotenant in the mineral leased with the other joint owners and may, as could his grantors, enter upon the joint property and explore for mine and market minerals, accounting to the other joint tenants for their proportion of the minerals recovered according to the rule adopted in the McKinney case.' "

"In the case of Compton v. People's Gas Co. (*supra*) the Kansas Court held that where one tenant in common, owning one-half of certain property, executed an oil and gas lease thereon to one party and the other tenants in common, owning the other half, executed another oil and gas lease thereon to another party, each lessee was entitled to the possession of the premises for the purpose of mining the same for oil and gas, but that neither was entitled to the exclusive possession. [See also Job v. Potton, L. R. 20 Eq. 84, 17 Eng. Rul. Cas. 861, 14 Mor. Min. Rep. 329; Du Rette v. Miller, 60 Or. 91, 118 Pac. 202, Ann.

Cas. 1913D, 1163; Thornton, Oil & Gas (3d Ed.), sec. 313; Lindley, Mines (3d Ed.), sec. 791.]''

In the case of McCord v. Oakland Quicksilver Mining Co. (Calif.), *supra,* it is stated: ''The material questions presented are: Does the excavation and removal of cinabar from a quicksilver mine, or the cutting of timber trees used in working the mine, by one tenant, constitute waste for which his cotenants may recover treble damages, under Section 732 of the Code of Civil Procedure? Does such excavation and cutting and conversion constitute waste which should be enjoined? . . . Section 732 reads: 'If a . . . joint tenant or tenant in common of real property, commit waste thereon, any person aggrieved by the waste may bring an action against him therefor, in which action there may be a judgment for treble the damages.' '' Both questions are answered in the negative. The court held that the removal of ore from a mine and the cutting of timber necessary in the operation by a tenant in common is not waste and an action for damages under the statute would not lie; and that absent willful injury or unnecessary destruction caused by negligence or unskillfullness, a tenant in common will not, at the instance of his cotenant, be enjoined from prosecuting the business of mining on their common claim.

Following the rules laid down in the McCord case a tenant in common should not be held guilty of waste under the waste statute in Missouri (Sec. 3007, R. S. Mo. 1939, Mo. R. S. A.) under like or similar circumstances. Moreover, since the petition in the instant case fails to allege that plaintiff has been ousted or excluded from the land in controversy by the other cotenants a recovery under the Missouri Statute on waste cannot be had. [Gregg v. Roaring Springs Land & Mining Co., 97 Mo. App. 44, 70 S. W. 920; Childs v. K. C. St. J. & C. B. Ry. Co., 17 S. W. 954.]

From a thorough study of the applicable law and the many cases cited we find that both the rules, the one plaintiff contends should apply and the one upon which defendants rely, are supported by respectable authorities. However, the greater weight of authority seems to hold that a tenant in common commits no wrong in entering upon the common property for the purpose of carrying on mining operations in the usual way and therefore cannot be held to be a trespasser; and, that the removal of ore without willful injury to the common property or unnecessary destruction caused by negligence or unskillfulness does not constitute waste.

In this situation injunction will not lie at the instance of one cotenant to restrain another cotenant or his lessee from conducting mining operations on the common property unless it appears that such tenant in common or his lessee, sought to be enjoined, has excluded or prevented the complaining cotenant from exercising the same rights and privileges or has been guilty of an act or acts denying his interest in the common property.

It may here be observed that the petition in the instant case does not allege that plaintiff has been excluded from the premises, as heretofore stated, nor does it plead facts to indicate such exclusion. It does not allege that defendants' possession of the property is claimed to be exclusive of the rights of the plaintiff. It is not alleged that the mining operations are not conducted in the usual manner or that they are willfully and maliciously destroying the common property. Neither is it alleged that there is any willful injury or unnecessary destruction of the common property caused by negligence or unskillfulness. The petition is deficient in other respects but we do not deem it necessary to discuss them here.

In keeping with the foregoing conclusions we cannot convict the trial court of error in sustaining the demurrer to plaintiff's petition. Its judgment is accordingly affirmed.

*Blair, P. J.,* concurs in result, in separate opinion; *Vandeventer, J.,* not sitting.

### SEPARATE CONCURRING OPINION.

BLAIR, P. J.—I do not think that injunction would lie in this case, because plaintiff has an adequate remedy at law. He can either partition the property or maintain an action for his share of the ores taken from said lots.

The petition, set out in the main opinion, alleges that only one of the owners of said lots is a non-resident of Missouri, and does not allege that the other owner is either a non-resident or insolvent.

Also, if the owner of a one-half interest in mining land can prevent the owners of the other half, or their assigns or lessees, from mining thereon, the owner of a thousandth interest can do likewise; the position of plaintiff is thus capable of reduction to absurdity.

I concur in the result reached in the able opinion of Judge FULBRIGHT, and think that the demurrer to the petition was properly sustained.