———o———

## L. M. BIGBEE, Respondent, *vs.* JOHN COOMBS, Appellant.

1. *Bailment—Hire of horse—Receipt in full of demands, what items embraced in—Payment of price of hire—Waiver of damages.*—In action for the value of a horse hired by defendant and alleged to have been killed by his overdriving him, where it appeared that after the death of the horse, plaintiff presented to defendant an account containing among other items one for the hire of the horse, but no claim of damages for his loss, which account defendant paid, taking a receipt "in full of all demands;" *held* that such receipt would not bar a recovery. Evidence *aliunde* may be introduced showing that the damage for loss of the horse was not embraced in the settlement. And a charge by plaintiff for hire of the horse is no waiver of a claim for damages, nor is payment of such charge a settlement of that claim. A bailee may be chargeable both with the hire of the thing bailed, and its value if lost by his negligence.

| | |
|---|---|
| 64 | 529 |
| 36a | 721 |
| 64 | 529 |
| 56a | 255 |
| 64 | 529 |
| 95a | 64 |
| 97a | 50 |

*Appeal from Greene County Circuit Court.*

*Patterson & Barker,* for Appellant, cited: 2 Pars. Cont., Ed. 1866, 128–9.

*John O'Day,* for Respondent, cited: 1 Pars. Cont. (4 Ed.) 605, 606; Sto. Bailm. (5 Ed.) 399, 400.

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover the value of a horse let by the plaintiff to the defendant and alleged to have been killed by being overdriven by the defendant.

34—VOL. LXIV.

The case was tried by the court without the aid of a jury, and plaintiff recovered judgment for $125.

There was evidence to support the finding of the court, both as to the value of the horse and the cause of its death.

The only error assigned here worthy, of notice, relates to the action of the court in reference to a certain receipt.

It appears from the record that after the killing of the horse in question, the plaintiff, with knowledge thereof, presented to the defendant for payment an account containing among other items, one for the hire of the horse killed, which account the defendant paid and took from the plaintiff a receipt for the amount thereof, expressed to be in full of all demands. The defendant requested the court to instruct the jury that this receipt was a bar to a recovery by the plaintiff, and the court refused so to instruct.

There was no error in this action of the court. The receipt was open to explanation (Grumley vs. Webb, 44 Mo. 444), and it is evident from the items of the account presented and paid that the subject matter of this suit was not embraced in the settlement made. There was no reference whatever in the account to the claim for damages. It might very properly have been left to the jury to determine what was included in the settlement, but it was certainly improper to declare as a matter of law that the receipt itself would preclude a recovery, regardless of the intention of the parties and the nature of the transaction. The fact that the plaintiff charged the defendant with the hire of the horse killed, was not a waiver of his claim for damages for the killing of the horse, nor was the payment of such hire, of itself, a settlement of the claim for damages.

A bailee may be chargeable both with the hire of the thing bailed and its value, if lost by his negligence. (Story Bail. § 417.) The judgment will be affirmed. All the other judges concur except Sherwood, C. J. absent.