## BEN DOVE, Respondent, v. W. D. FANSLER, Appellant.

Kansas City Court of Appeals, October 5, 1908.

1. ACCOUNT: Check: Receipt: Evidence: Explanation. The words written in a check "in full to date" make a prima-facie case of intention to treat the payment as a complete satisfaction of the claim held against the payor, but it may be explained by evidence *aliunde* like any other receipt.

2. ———: ———: Alteration: Maxim. But where the payee erases such words from the check and collects it, the maxim *omnia praesumuntur contra spoilitorem* applies; and the law presumes that the intention was to make the check complete payment.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

REVERSED AND REMANDED.

*Barnett & Barnett* for appellant.

(1) While a mere receipt may be explained or contradicted yet when it is contractual in its nature and is given as evidence in the settlement of a disputed claim, it is like any other written contract and cannot be disputed or contradicted by parol evidence. (2) Having accepted the check it amounts to an accord and satisfaction as a conclusion of law, the principle being that one who accepts a conditional tender assents to the conditions; he cannot take the money and reject the terms on which it is tendered; but having retained the check and cashed it he thereby accepts its terms. Adams v. Helm, 55 Mo. 471; Perkins v. Headley, 49 Mo. App. 562; Coal Co. v. St. Louis, 145 Mo. 656. (3) The plaintiff is estopped for another reason from contradicting the recitals of this check. Because with full knowledge that it would operate as a receipt if used in that form he altered the check without defendant's consent by erasing the words "In full to date" and that too for the express purpose of preventing it from having the effect that it was intended to have. Broom's Legal Maxims, p. 693; Hays v. Boyliss, 82 Mo. 209; Pomeroy v. Benton, 77 Mo. 64; 2 Ency. of Evidence, p. 950.

*C. C. Lawson* and *Jesse L. England* for respondent.

(1) A receipt given for a specific purpose cannot be used for a different purpose in violation of the object for which it was given. A receipt containing in its terms an expression of the intention of the parties is to such an extent a written contract which cannot be varied by parol evidence. 19 Am. & Eng. Ency. of Law, 1124; Tucker v. Baldwin, 13 Conn. 136; Bishop v. Perkins, 19 Conn. 300. (2) The court did not err in refusing instruction number one, for the reason that under the evidence, it was a question of fact for the jury to determine whether or not the three-dollar check referred too, in the instruction, was to be in full of all accounts between

plaintiff and defendant, or whether the check was to be in payment of the plowing as specified in defendant's letter that accompanied the check in question and explanatory of the intention of the defendant in giving the check. Bigbee v. Combs, 64 Mo. 529. (3) The fact that the check on which the words "In full to date," was written was cashed by plaintiff, could not preclude plaintiff from recovering in this case, and even though the check had been cashed by plaintiff without the erasure of the words "In full to date," he would still have been entitled to recover in this action, for the purpose of the check in question was explained by the letter delivered to plaintiff by defendant, and showed that the check was given for a specific purpose. Language, however general in its form, when used in connection with a particular subject-matter, will be presumed to be in subordination to that matter, and will be construed and limited accordingly. Grumley v. Webb, 44 Mo. 444.

JOHNSON, J. Plaintiff sued defendant before a justice on an account of $51.25. Defendant answered that he had paid all claims or demands of plaintiff in full and presented a counterclaim of $20. Trial to a jury in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for plaintiff in the sum of $31.25, and defendant appealed.

Plaintiff occupied a farm of defendant as tenant, and the items of his alleged demand grew out of that relationship. All of them except $10 accrued in 1905; the excepted item arose in 1906. In April, 1906, the relations between the parties were somewhat strained. One of the matters in dispute between them related to some plowing plaintiff claimed he had done for defendant for which he demanded $3. Under date of April 9, defendant wrote plaintiff: "You bring my sickle and clover seed and sacks to Mr. Roberts and he will give you a check for $3 for the pretended plowing; the sickle is

worth $3; 2 sacks is worth 40c; 16 sacks is worth 80c; 2 gal. clover seed $2. The $3 I offer for the pretended plowing is in the way of a compromise as you have no lease at all on my place and I don't want you inside my fields any longer than it takes to get what you have there away. Your brush scythe is at the house."

The next day, plaintiff received from defendant the following check:

"Sedalia, Mo., 4, 10, 1906.
"Sedalia National Bank: Pay to the order of Ben Dove Three dollars. "$3.00. In full to date.
"E. D. FANSLER."

Plaintiff kept the check until August 13, 1906, when he cashed it. Shortly after receiving it, he presented an account of $12.25 to defendant and demanded payment. Defendant replied by shaking his fist at plaintiff and the latter withdrew. The items of this account appear in the statement in suit. In explanation of his long delay in cashing the check, plaintiff testified: "I did not go back and ask Dr. Fansler to give me another check before I cashed this. I laid it away and could not find it and I told him so because there was a receipt on it that I would not take that receipt. I would not let him give me the money without paying me the whole rest. He told me when I lose it he would give me another one. He would not give me another because he wanted me to find it back and I hunted and found it." When he found it, he took it to his lawyer who erased the words "in full to date" from its face. This, it is admitted, was done without the knowledge or consent of defendant and before the check was paid by the bank. The court permitted plaintiff to testify that the check was not intended to cover the items of the account in suit which had accrued before its date and refused to give the following instruction asked by defendant.

"The court instructs the jury that under the evidence in this case you cannot find anything for plaintiff on any item or items of the account accruing prior to the date of April 10, 1906, the date of the $3 check which expressed to be in full to that date."

At the request of defendant, the court did instruct the jury: "It is admitted in this case that the plaintiff's attorney in this case altered the $3 check dated April 10, 1906, given by defendant to plaintiff by erasing the words "in full to date" therefrom and that too without the knowledge or consent of the defendant, and the court instructs you that in law he is presumed to have done so for the wrongful purpose of altering the legal effect of said check, and to destroy its effect as evidence of a settlement in this case between plaintiff and defendant, and from such fact you are justified in presuming that the said check was given by defendant and accepted by plaintiff as full settlement between said parties and full payment of all claims due plaintiff at that date and that plaintiff, through his attorney, was wrongfully attempting to destroy the evidence thereof."

We think the trial court erred in not giving the peremptory instruction to find against plaintiff on the items of the account in existence at the date of the check. The words "in full to date" written on the check were prima-facie evidence of a mutual intention to treat the payment as a complete satisfaction of all claims held by the payee against the payor. Had plaintiff refrained from erasing them, he would have been in position to show by evidence *aliunde* the existence of a different intention from that which they indicated. He might have shown that the parties did not intend that the payment evidenced was given or accepted in satisfaction of the demand in suit. [Bigbee v. Coombs, 64 Mo. 529; Grumley v. Webb, 44 Mo. 444; Tate v. Railroad, 110 S. W. Rep. 633, 131 Mo. App. 107.]

132 App—43

But the fact that plaintiff attempted to destroy the written evidence bearing on the issue of what was the real intention of the parties brings into operation the maxim *"Omnia praesumuntur contra spoilatorem."* As a matter of law, every presumption must be indulged against the despoiler. When plaintiff admitted the wrongful erasure of the words, he thereby confessed that they should receive the strongest interpretation against his interest, i. e., that they were inserted as evidence of a mutual intention that the payment should operate as an extinguishment of all demands held or claimed by plaintiff at that time. "It is because of the very fact that the evidence of the plaintiff, the proofs of his claim or the muniments of his title, have been destroyed, that the law, in hatred of the spoiler, baffles the destroyer, and thwarts his iniquitous purpose, by indulging a presumption which supplies the lost proof, and thus defeats the wrong-doer by the very means he had so confidently employed to perpetrate the wrong." [Pomeroy v. Benton, 77 Mo. 64.]

So when the evidence attempted to be destroyed is produced at the trial, the presumptions by which its interpretation is to be determined are of the same nature and governed by the same rules as those which pertain to cases where the evidence is destroyed and cannot be produced. As the words erased from the check were susceptible of the interpretation we have placed on them, the court should have placed such construction on them as a matter of law and not treated the question of intention as an issue of fact for the jury.

The judgment is reversed and the cause remanded. All concur.