W. T. RAWLEIGH CO. v. C. A. LANGFORD, *et al.*

150 So. 592.

Division A.

Opinion Filed October 27, 1933.

*James H. Finch,* for Plaintiff in Error;

*Marion B. Knight,* for Defendants in Error.

PER CURIAM.—In the trial of an action at law the judge gave the following charge to the jury, which was excepted to by plaintiff in error, the plaintiff below, by incorporating same as ground of a motion for a new trial:

" 'But, if after entering into the contract you find from the evidence that the plaintiffs in this case, by caprice or inducement, inveigled Langford to adopt a system which the contract didn't call for, and he did adopt at their request, and he sold goods on credit, he would be entitled to the

benefit of that credit if he carried out the instructions they gave him. Neither would Leonard and Cox be bound to any greater amount after giving them credit for the amount that Langford might have sold under these instructions. In other words, the plaintiff is required to deal fairly with these parties after they got their contract, and not put on a scheme of cunningness and chicanery to inveigle them to do something that the contract in fine English language said they could not do.' "

The action was on an express contract, the defendants being the principal and two sureties on that contract. The only issues were pleas of (1) never was indebted as alleged; (2) never promised as alleged; (3) set off.

This Court finds no basis in the pleadings for the giving of a charge of the character here complained of; therefore, the giving of such charge was harmful error for which a new trial must be awarded.

Attention is called to the fact that the pleadings of defendants should be recast in advance of another trial, if the nucleus of any such defense as is implied in the charge of the court, above held bad, is to be relied on. The charge suggests the idea of waiver, release or estoppel as applied to the provisions of the written contract sued on, a defense that must be specially pleaded to be availed of.

Reversed for a new trial.

Davis, C. J., and Whitfield, Terrell, Brown and Buford, J. J., concur.