Hugo C. Enstrom, *et ux.,* v. Frances L. Dunning, by her next friend, George M. Dunning.

169 So. 385.
Opinion Filed March 31, 1936.
On Rehearing July 7, 1936.
Second Petition for Rehearing Denied July 24, 1936.

*Goodloe Warden, Jr.,* for Appellants;

*Padgett & Burton, Inman Padgett* and *W. Ross Burton,* for Appellee.

Brown, J.—Frances L. Dunning, by her next friend, George M. Dunning, filed a bill of complaint against Hugo C. Enstrom and Espanola Enstrom, his wife, appellants, for the foreclosure of a mortgage securing a five thousand dollar note, dated November 20, 1926, which mortgage covered certain property in the City of Miami, Florida. The defendants answered the bill of complaint by admitting the

execution of the note and mortgage, but denied the indebtedness by averring usury.

The complainant several years after its execution and after maturity acquired the note and mortgage in question by assignment and transfer from the executor of the original mortgagee, Mathilda J. Ellinger. Semi-annual interest payments amounting to $2,000.00 had been paid by the mortgagees.

The Master found that the transaction resulting in the loan to the defendants was conducted by Edward Ellinger, husband of Mathilda J. Ellinger, mortgagee, and that Mathilda J. Ellinger took no active part in the negotiations for the loan or in the consummation of the transaction; that the defendants dealt with Edward Ellinger as if he were the principal and that the loan was made in checks drawn against the account of Edward Ellinger. The Master further found that Edward Ellinger required the defendant to cash one of the checks and return to him in currency the sum of five hundred dollars as a bonus for making the loan. The interest on the loan plus this five hundred dollar bonus, if taken together, would render the loan usurious.

The question presented on this appeal is: Did it constitute usury under our statute when the husband-agent of the mortgagee, having full charge of the making of the loan, willfully and knowingly exacted from the mortgagor a bonus, the amount of which bonus added to the interest provided for in the note and mortgage exceeded the lawful rate of ten per centum interest per annum; there being no evidence that the mortgagee knew or consented to the charging of such bonus?

The appellee contends that the mortgagee was not responsible as a matter of law for the exaction by the husband-agent, in the absence of evidence to the effect that

she either authorized such exaction or afterwards expressly ratified it, and that the burden was on the appellants to produce such evidence.

The appellants contend that Section 6938 C. G. L. of Florida, 1927, expressly provides that such an exaction by the agent of the lender constitutes usury, and that an even more flagrant violation of the statute takes place when such agent is the husband of the lender and is acting within the apparent scope of his authority, and that in such case the exaction of such bonus is chargeable to the mortgagee, and to her assignee after maturity, in the absence of any showing by the mortgage holder that the husband-agent acted beyond the scope of his authority.

The applicable statutory provisions are Sections 6937, 6938 and 6939, Compiled Gen. Laws of 1927.

C. L. Brown, Esq., a practicing attorney of Miami, was appointed Special Master in this case and rendered a well considered report, favorable·to the appellants, which, in part, reads as follows:

"Upon the issues as framed by the pleadings, I find that Edward Ellinger was the agent of Mathilda J. Ellinger in negotiating the loan and in the making, execution, and delivering of the note and mortgage which is the subject matter of this suit.

"The complainants contend that a loan is not rendered usurious by the lender's agent charging the borrower, for his own benefit, a commission or bonus for procuring the loan, in excess of the maximum legal rate of interest, where such charge is made without the lender's knowledge or consent, either express or implied, and is not ratified or shared in by her, and that this is true even though the agent is the husband of the lender, or closely related to her. In this respect the contention of the complainant is supported by a

heavy weight of authority from many jurisdictions. Usury, however, is a matter of Statute, and the terms of the Statute sometimes distinguish apparently conflicting decisions. I find as a finding of fact that there is no evidence in this case proving or tending to prove that Mathilda J. Ellinger knew or consented to the bonus of Five Hundred ($500.00) Dollars charged by her husband, Edward Ellinger.

"The defendants advance the contention that a principal is responsible for all acts done by her agent, and that a usurious commission taken by the agent, although without the real knowledge of the principal, will affect the whole transaction with usury. Or in the alternative, the defendants contend that conduct of an agent acting within the apparent scope of his authority is presumed to be regular and known to his principal, and that the burden of proof falls upon the principal to show that the acts of the agent were beyond the scope of his authority, and were unknown to and not ratified by the principal. Although there are cases from other jurisdictions which support the contention of the defendants, I find that these cases are decidedly in the minority, and opposed to the weight of authority.

"The question thus presented has not been decided in Florida so far as your Master has been able to discover. However, the usury Statutes in Florida, namely Sections 6938 and 6939, Compiled General Laws of Florida, for 1927, provide that it shall be usury, and unlawful for any person * * * or for any agent, officer, or other representative of any person * * * to reserve, charge or take for any loan or for any advance of money, a rate of interest greater than Ten (10%) per cent. per annum, and further provide a penalty for any person * * * or any agent or other representative of any person, who willfully violates the usury Statutes in that the entire interest shall be forfeited, and

only the actual principal sum loaned can be recovered in any Court in this State, either at law or in equity, and when usurious interest has been paid, double such amount shall be forfeited by the lender. It is the opinion of your Master, and he makes the finding of law, that the terms of the Florida Statutes distinguish the law in Florida from the majority of decisions in other jurisdictions; that although a principal should not be held responsible for a usurious charge or exaction of her agent, if such usurious charge or exaction is unknown to the principal, and is not consented to nor ratified by her, yet, nevertheless, by reason of the terms of the Florida Statutes and the laws and decisions in this State relating to husband and wife, and the general policy of Courts in Florida, it must be presumed that an agent having apparent power to negotiate or consummate a loan is acting within the scope of his authority, and the burden must fall on the principal to show want of authority and want of knowledge or ratification of a usurious charge or exaction on the part of the agent. I find as a finding of fact that there is no evidence in this case, rebutting or tending to rebut a presumption that Edward Ellinger acted within the scope of his authority in making a usurious charge, with the knowledge of Mathilda J. Ellinger, his wife.

"Upon the premises I find that the defendants have paid a Five Hundred ($500.00) Dollar bonus for a loan or advancement of Forty-five Hundred ($4500.00) Dollars for the term of three years, and the defendants have also paid interest on such loan or advancement amounting to Two Thousand ($2000.00) Dollars; and I further find that the bonus and interest thus paid by the defendants represent a charge of interest greater than Ten (10%) per cent. per annum for the agreed term of the loan, and that ac-

cordingly the said sum, to-wit: Twenty-five Hundred ($2500.00) Dollars should be doubled and forfeited by the complainants; that because the loan or advancement to the defendants was only Forty-five Hundred ($4500.00) Dollars, the sum thus forfeited exceeds the demand of the complainants, and I therefore recommend that the cause be dismissed at the cost of the complainants."

Exceptions were sustained to the Master's report, and the Chancellor rendered the decree appealed from.

In 66 C. J. at page 224, it is said:

"Where a general agent of a creditor, being entrusted with full power and general authority for the management and administration of the creditor's business and affairs, exacts from a debtor the payment of a bonus or commission for or in connection with the making of a contract of loan or forbearance, the transaction is usurious if such exaction caused the lawful rate of interest to be exceeded, even though it is made without the actual knowledge or authority of the creditor, the case standing upon exactly the same footing as if. the exaction were made by the creditor himself."

See also Hopkins v. Otto, 118 Fla. 865, 160 So. 203.

While the question presented is not free from difficulty, our view is that, under the language of our usury statute the Special Master's conclusions on the law of the case were correct. The result is that the decree appealed from must be reversed.

Reversed and remanded.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, J., dissents.

## On Rehearing

Per Curiam.—This case is before us for reconsideration after rehearing granted and re-argument had.

We now reaffirm the enunciations of law applicable to this case as expressed in majority opinion filed herein on March 31, 1936.

There is a phase of the case, however, upon which neither the Master nor the Chancellor appears to have made a definite finding of fact and which finding may be controlling in the result of this litigation.

It is contended by the appellee that before appellee acquired the note and mortgage which is the subject of this suit, her representative interviewed the maker of the mortgage and note, Hugo C. Enstrom, and advised Mr. Enstrom that his client, Frances L. Dunning, was contemplating acquiring the note and mortgage in settlement of a part of her interest in the estate of Mathilde J. Ellinger, deceased, and who was the grantee and payee of the mortgage and note, but, before doing so, wished to know whether or not the note and mortgage were good and valid obligations and that thereupon the maker of said note and the grantor who executed the said mortgage advised the representative and agent of the said Frances L. Dunning that the mortgage was a "bang-up" mortgage, meaning that same was a valid mortgage.

The appellant contends that this condition did not exist and that such representation was not made by Mr. Enstrom to the representative of Frances L. Dunning.

If such representation was made, or if it should be found as a matter of fact that after the death of Mrs. Ellinger and before Mrs. Dunning acquired the note and mortgage, Mr. Enstrom made payments of principal or interest, or both, to apply on said obligations, without questioning or

challenging the validity of the note and mortgage, thereby treating them as valid and binding obligations and thereby causing Mrs. Dunning to believe them to be good and valid obligations, and thereby influencing her to take and adopt the same for value as a part of what was due her from the estate of Mrs. Ellinger, then Enstrom was estopped thereby from setting up the defense of usury as against the note and mortgage here involved. Therefore, the judgment of reversal heretofore entered is now modified to the extent that the decree appealed from is reversed without prejudice for the Chancellor to recommit the cause to the Master and require him to make report of his findings on the question hereinabove referred to and thereupon the Chancellor to reconsider the record in connection with the report of the Master in this regard and make his findings as to the truth in this regard and to enter such decree as he shall thereupon find to be in accordance with the law and the facts.

It is so ordered.

Reversed and remanded for further consideration.

WHITFIELD, C. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.

BROWN, J. (dissenting in part).—The question of estoppel was not raised in the court below. Nor was it pleaded. The general rule is that estoppel, to be availed of on the trial or hearing must be specially pleaded. 10 R. C. L. 842; Lakeland v. Turner, 207 Ala. 73, 91 So. 877; W: T. Raleigh Co. v. Langford, 112 Fla. 487, 150 So. 592. Nor was this question embraced in the statement of questions involved, as made by appellant or as corrected by appellee. And surely partial payments made on a usurious contract, either before or after maturity cannot estop the borrower

from setting up usury as a defense.  66 C. J. 278, 290.  I think our original judgment should be adhered to.

ELLIS, P. J., concurs.