WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

## J. T. SAPP and MRS. F. E. DIXON v. McCONNON and COMPANY.

169 So. 622.
Division B.
Opinion Filed July 23, 1936.
Supplemental Opinion Filed August 6, 1936.
Rehearing Denied September 8, 1936.

*B. L. Solomon,* for Plaintiffs in Error;

*Cecil A. Rountree,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in a common law action which judgment was entered

in the Circuit Court in and for Jackson County, the 14th Judicial Circuit of Florida, by the Hon. A. G. Campbell, Judge of the First Judicial Circuit of Florida on the 1st day of October, 1935, in favor of the defendant in error against the plaintiff in error.

The record shows that the judgment was entered by Judge Campbell after Judge E. C. Welch, one of the Judges of the Fourteenth Judicial Circuit, had filed a certificate of his disqualification and after proof that the Hon. D. J. Jones, the other Judge of the Fourteenth Judicial Circuit, was absent from the Circuit on account of illness.

The sole question presented for our determination is whether or not Section 10 of Chapter 16053, Laws of 1933, supersedes the provisions of Section 2681 R. G. S., 4348 C. G. L., Act, Chapter 16053, *supra,* is entitled:

"An Act to Define When a Judge is Disqualified; to Establish the Manner and Mode of Determining such Disqualification; To Define the Effect of Acts by Judges who Are, Were or May Be Disqualified; and for the Repeal of Section 2525 of the Revised General Statutes of 1920, shown as Section 4152 of The Compiled General Laws of 1927, and Section 2528 of the Revised General Statutes of 1920, Shown as Section 4155 of the Compiled General Laws of 1927, Said Sections Relating to the Disqualification of Judges."

Section 10 of the Act provides as follows:

"Section 10. Designation of Judge to Hear Cause When Order of Disqualification Entered: Every Judge of this State shall upon the entry of an Order of Disqualification mail a copy of said order to the Governor. Upon receipt of copy of such order the Governor shall thereupon designate another Judge to hear said cause. The original of such designation by the Governor shall be mailed

therewith to the Clerk of the Court in which said cause is pending and shall be by said Clerk filed in the cause. In designating another Judge the Governor shall have consideration for the convenience of parties and their counsel. Provided, however, that in the event any judge shall be disqualified as herein provided, upon application for any temporary writ of injunction or habeas corpus, he shall immediately enter an order of disqualification, whereupon said cause may be presented to any other Judge of a Court of the same jurisdiction as the Court in which said cause is pending, and it shall be the duty of any such Judge to hear and determine such matters until such substitute judge is so designated."

The constitutionality of the section of the Act is not challenged. The provisions thereof are repugnant to and in conflict with Section 2681 R. G. S., 4348 C. G. L., and Section 12 of Chapter 16053, *supra,* specifically repeals all the laws in conflict therewith. It, therefore, must be held that the provisions of Section 10 of the 1933 Act, *supra,* repealed the provisions of Section 2681 R. G. S., 4348 C. G. L. It is conceded that the provisions of Chapter 16053 were not complied with in that upon the disqualification of Judge Welch no designation had been made by the Governor authorizing a Judge of another Circuit to proceed to make orders in the cause.

Therefore, the judgment rendered by Judge Campbell was one which he did not at the time have jruisdiction to enter and must, therefore, be reversed.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

(Supplement to Opinion Filed July 23, 1936.)

Per Curiam.—In this case our attention has been called to the fact that the plaintiffs in error contended that a demurrer to a plea interposed was erroneously sustained and that in disposing of the case we did not mention that contention in the opinion prepared.

The cause of action was a guarantor's obligation, a pertinent part of which was as follows:

"For and in Consideration of One Dollar, to us in hand paid by McConnon & Company, the receipt whereof is hereby acknowledged, we hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of any indebtedness to the said McConnon & Company, hereafter incurred by or for Ulysses McDonald of Graceville, State of Florida, by reason of the sale of goods, wares, merchandise and equipment to him, from time to time, by the said McConnon & Company pursuant to any agreements, terms or conditions entered into between the Company and him, and regardless of his ability or willingness to pay and we hereby waive notice of any default by the said Ulysses McDonald and consent to any extensions by McConnon & Company of time of payment by him."

The plea interposed was as follows:

"That subsequent to the execution of the guaranty sued on herein, the plaintiff by its acts towards, and instructions and directions to the said Ulysses McDonald, by caprice and inducement inveigled the said Ulysses McDonald to adopt a system which the contract secured by said guaranty did not call for in dealing with purchasers of the merchandise delivered by the plaintiff to the said Ulysses McDonald, that is, by caprice and inducement inveigled the said Ulysses .McDonald to place the merchandise so delivered to him

out with customers on the so-called time and trial plan, plaintiff thereby assuming the credit list and chance of loss, rather than selling the same to the said Ulysses McDonald, and thereby by such acts and directions the plaintiff waived its right to hold the said Ulysses McDonald, or these defendants liable therefor. That the said Ulysses McDonald acting under and by the aforesaid acts and instructions of the plaintiff placed goods delivered by the plaintiff to him with customers under the aforesaid plan amounting to the sum of Two Hundred, Sixty-eight and 80/100 Dollars, an amount in excess of the amount sued for herein. Wherefore, these defendants say that they are not liable to the plaintiff in any sum."

The allegations of the plea were entirely insufficient to constitute a defense to the declaration.

The guarantors by their written agreement unconditionally guaranteed payment at Winona, Minnesota, of any indebtedness to McConnon & Company thereafter incurred by or for Ulysses McDonald of Graceville, Florida, by reason of the sale of any goods, wares, merchandise and equipment to him by said McConnon & Company pursuant to *"any agreements, terms or conditions entered into between the company and him."* (Emphasis supplied.)

The plaintiff in error relied in his brief on the opinion and judgment in the case of W. T. Rawleigh Company v. C. A. Langford, *et al.,* 112 Fla. 487, 150 Sou. 592, but that case presents no authority for his position. All that was decided there was that defense of waiver, release or estoppel as applied to provisions of written contract sued on must be specifically pleaded to be available and there was no intimation that conditions such as are pleaded here would constitute waiver, release or estoppel.

In the original opinion filed herein on July 23, 1936, we pointed out the only error apparent on the record.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.