161 So.2d 690 (1964)
Herman APPLEBAUM and Martin A. Miller, Appellants,
v.
Jean LAHAM and Florida Business Leader, Inc., a Florida corporation, Appellees.
No. 63-422.
District Court of Appeal of Florida. Third District.
March 10, 1964.
Rehearing Denied March 31, 1964.
*691 Bernard B. Weksler, Miami, for appellants.
Henry G. Simmonite and Garland M. Budd, Miami, for appellees.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
BARKDULL, Chief Judge.
This is an appeal from a final decree rendered in a transaction involving allegations by the appellee, Jean Laham, that a note he had executed to the appellant, Herman Applebaum, was tainted with usury. Many factors of this case have become moot by the passage of time, and the only question remaining is whether or not a $3,000.00 payment extracted from the appellee at the time of the execution of the note was usury or a payment on principal, as determined by the chancellor.
In reference to the $3,000.00, the chancellor made the following findings of fact in his decree:
"* * *
"All parties admit that on January 28, 1963, Plaintiff, JEAN LAHAM, individually, executed a Collateral Note dated that date for the sum of $15,000 payable to Defendant, HERMAN APPLEBAUM at the office of MARTIN A. MILLER, 6 months after date, with interest at the rate of 10% per annum payable at maturity. This note was secured by, among other things, all of the stock owned by JEAN F. LAHAM in FLORIDA BUSINESS LEADER, INC., which amounted to 98% of all of the stock of the corporation. * * *
"* * *
"The record discloses that the negotiations for the $15,000.00 loan were originated through MARTIN A. MILLER and that MARTIN A. MILLER, throughout, as HERMAN APPLEBAUM'S agent, had the duty and authority of supervising the conditions under which the loan would be granted, the approval of the instruments evidencing and securing the loan and the subsequent supervision of the security and collection of the loan.
"The Court is of the opinion that, throughout the transaction, MARTIN A. MILLER, acted as the regularly employed Agent of the Defendant, HERMAN APPLEBAUM, and his identity in the transaction cannot be divorced from the identity of the lender, HERMAN APPLEBAUM. The Court finds, as a matter of fact, that on the 28th day of January 1963, MARTIN A. MILLER exacted the sum of $3,000 from the borrower, JEAN LAHAM, out of the proceeds of the loan by way of commission, although he was never the Agent of JEAN LAHAM but, throughout, acted as the Agent of HERMAN APPLEBAUM; and the court is further of the opinion that the Defendant, MARTIN A. MILLER, cannot be permitted, under our Statutes, to be the employed Agent of the lender and, at the same time, make a profit for himself by exacting a bonus or commission from the borrower, since our Statute reaches the acts of the lender's agent as well as those of the *692 lender himself. The Court finds that the bonus or commission exacted by MARTIN A. MILLER amounts to interest on the loan at the rate of 40% per annum and this, together with the interest of 10% per annum exacted by the specific terms of the Note itself, makes the total interest exacted or demanded amount to 50% per annum and thus exceeds the interest allowed by our Statute.
"It becomes necessary to determine whether the usury statutes have been violated by the Defendant, HERMAN APPLEBAUM. The record shows that HERMAN APPLEBAUM is not either a professional or a frequent money lender. The record does not show that he had any actual knowledge of the exaction of $3,000 perpetrated, as aforesaid, by his agent MARTIN A. MILLER. In assessing the `intent' or `motivation' of HERMAN APPLEBAUM in the transaction, the Court finds no justification for imputing knowledge of, or complicity in, that exaction, to the Defendant HERMAN APPLEBAUM. It follows that, that Defendant is not guilty of knowingly and willfully charging or accepting more than the legal rate of interest. Under these circumstances there is nothing in this case to activate the penality provisions of either Sec. 687.04 or Sec. 687.07 Fla. Stat.
"* * *"
Both the appellants and the appellee have assigned error as to the conclusions of law applicable to this finding of fact. The appellants contend that it was erroneous to credit it as principal, the chancellor not having found a willful intent on the part of the lender to exact such amount. The appellee cross-assigns error, contending that once the chancellor found that the $3,000.00 had been extracted by the lender's agent at the time of the execution of the note, this amounted to usury in excess of 25%, and the chancellor should have decreed a cancellation of the note in its entirety in accordance with § 687.07, Fla. Stat., F.S.A. The chancellor having determined his findings of fact upon conflicting evidence and there being evidence in the record to support his findings, same will not be interfered with upon this appeal. See: Miami Typographical Union No. 430 v. Ormerod, Fla. 1952, 61 So.2d 753; Board of County Commissioners v. F.A. Sebring Realty Co., Fla. 1953, 63 So.2d 256; Walker v. Walker, Fla.App. 1960, 123 So.2d 692.
It appears to be the law of this State that when a lender clothes an agent or employee with authority to negotiate a loan on his behalf, and when said agent or employee [acting in the apparent scope of his authority] exacts a bonus or commission which would make the loan in question usurious, there is a presumption that it is usurious; and it is incumbent upon the lender to rebut the presumption that his agent acted without the scope of his authority in making the usurious charge. See: Enstrom v. Dunning, 124 Fla. 571, 169 So. 385; 33 Fla.Jur., Usury, § 34.
It does not appear from this record that the appellant, Applebaum [the lender in this cause], tendered any evidence which would tend to rebut the presumption that the appellant, Miller, acted within the scope of his authority in making the usurious charge. Therefore, the chancellor erred in concluding that the exacting of the $3,000.00 did not constitute a usurious charge. It appears that the chancellor bottomed his conclusion that the charge was not usurious because he found that, at least on the part of appellant Applebaum, it was not a willful exaction. However, it appears from the authorities cited above that when one authorizes another to act in his behalf and a usurious charge is, in fact, made, there is a presumption of usury which may only be rebutted upon a showing that the agent or employee acted in excess of his authority. The matter of willfulness of the lender is not absolutely closed by the bare statement *693 of the lender that he was unconscious of the wrongdoing but, rather, the circumstances of the case must be take into account. To hold the lender's bare statement [that he was unconscious of the wrongdoing] was sufficient to show lack of intent under the usury statutes would render the legislative prohibition useless. See: Shorr v. Skafte, Fla. 1956, 90 So.2d 604.
Therefore, in accordance with the above, we reverse the final decree appealed, with directions to the chancellor to enter an order cancelling the promissory note and requiring the return of the collateral security to the appellee, Jean Laham, and the return of any monies paid on account of principal or interest on said note.
Reversed and remanded, with directions.