**Paul A. DANIELS, Appellant,**

v.

**TIP TOP PLUMBING & HEATING, INC. et al., Respondents.**

**No. 24518.**

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Clark S. Ullom, Kansas City, for appellant.

Thomas I. Osborne, Kansas City, Caldwell, Blackwell, Sanders & Matheny, Kansas City, of counsel, for respondents.

MAUGHMER, Commissioner.

This is a suit for the recovery of property damages to plaintiff's automobile. In the magistrate court the finding and judgment was for defendants. Plaintiff appealed. The circuit court entered summary judgment for defendants. Plaintiff has appealed to this court. The sole question presented is the propriety of the summary judgment.

Plaintiff, Paul A. Daniels, in his petition alleged that on June 29, 1965, his Corvair automobile was being operated by his son Stephen W. Daniels when it was negligently struck and damaged by a 1953 Pontiac, which was being driven by the defendant,

Lester Huber, who at the time was acting "as an agent, servant and employee" of the respondent, Tip Top Plumbing & Heating, Inc. The prayer was for judgment in the amount of $600.

The trial in the magistrate court was to the court. Evidence was heard. The finding and judgment was for defendants. Plaintiff appealed.

In the circuit court the defendants, pursuant to the procedure provided in Rule 74.04(b) V.A.M.R., moved for summary judgment. Therein it was alleged (1) that plaintiff had "fully compromised and settled any and all claims against the named defendants herein by accepting $275 and signing a release which discharged defendants", and (2) that no genuine issue of fact existed between the parties as to the matter. Attached to this motion was: (a) the release, (b and b-1) the settlement drafts and (c) an affidavit declaring that plaintiff admitted the signatures appearing on the release and drafts were those of himself and his wife. We set forth the pertinent parts of the release and settlement drafts:

"RELEASE

"Received of Tip Top Plumbing and Heating Inc. and Lester A. Huber this 11th day of August, 1965, the sum of Two Hundred Seventy Five -------- and $\frac{00}{100}$ Dollars ($275.00), in full satisfaction and discharge of all claims, accrued or to accrue, in respect of all known and unknown injuries or injurious results, direct or indirect, arising or to arise, from an accident sustained by me on or about the 29 day of June, 1965, through an automobile accident at or near the intersection of Prospect Ave. and US 71 hi-way, Kansas City, Jackson County, Missouri.

    X   Stephen W. Daniels (Seal)

Witness

(Signature of witness)

"This is to certify that we, the undersigned, father and mother of the above named, a minor of 19 years of age, in consideration of the above payment, which is made to said minor at our request, *do hereby acknowledge satisfaction in full of all claims, arising out of said known and unknown injuries and do* release and forever discharge said Tip Top Plumbing and Heating Inc and Lester Huber and all other persons, firms and corporations, hereinafter called obligee from any liability by reason thereof.

"As further consideration for payment of said sum, we hereby agree to *protect the said obligee against any claim for damages, or otherwise, on the part of our said minor child or any other party,* growing out of or resulting from injury or damage to our said child or to his property, in connection with the above mentioned accident, and to reimburse or make good to said obligee any loss or damage or costs which the said obligee may have to pay if any litigation arises from said injuries.

"Witness our hands and seal this 11th day of August, 1965.

Edythe I. Daniels (Seal)
Paul A. Daniels (Seal)

"Witness:
(Signature of witness)

_____

_____

---

| "FIREMAN'S FUND AMERICAN INSURANCE COMPANIES | PAYABLE THROUGH CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO | DRAFT 832966 |

Issued at Kansas City, Mo.    Date 8/16/65

| Production Code (5–12) 24–095–404 | Date of Loss 6/29/65 | Policy No. CL3 38150 | Claim No. 361BA60209 |

| Claimant or Obligee    STEVEN DANIELS | Insured or Principal | Tip Top Plumbing & Heating Co. |

Pay the
Sum of— ONE HUNDRED THIRTY SEVEN AND 50/100—Dollars      $137.50
For: *FULL AND FINAL SETTLEMENT OF*                TO THE ORDER OF
        *ANY AND ALL CLAIMS*        PAUL A. DANIELS AND EDYTHE
                                    DANIELS, *INDIVIDUALLY*, AND
PRODUCER                            AS HUSBAND AND WIFE AND AS
AND INDEPENDENT INS. AGENCIES       PARENTS AND GUARDIANS OF
ADDRESS KANSAS CITY, MO.            STEVEN DANIELS

Signature    Gayla M. Doran
Fireman's Fund Insurance Company".

"BLUE HILLS BANK
OF COMMERCE

"Remitter Lester Huber

Kansas City, Mo.  8–16–65

"Pay to the    Paul Daniels and Edythe Daniels and as parents and guardian of
order of          Stephen Daniels          $137.50
              137 dol's 50 cts.            Dollars

"CASHIER'S CHECK
COPY NOT NEGOTIABLE

(S) _____ C. A. FLYNN _____
Vice Pres. Ass't Cashier."

We note that the release is in three paragraphs. In the first, Stephen W. Daniels, the minor son and operator of plaintiff's vehicle, acknowledged receipt of $275 from defendants in "full satisfaction and discharge of all claims" arising from this particular accident. In Paragraph 2, plaintiff and his wife "acknowledged satisfaction in full of all claims arising out of said known and unknown injuries and do release and forever discharge" said defendants *"from any liability by reason thereof"* (referring to the described accident). By Paragraph 3, plaintiff and his wife agree to protect said obligee "against any claim for damages or otherwise on the part of our said minor child or any other party arising out of or resulting from the injury or damage to our said child or to his property * * *".

We look at the two settlement drafts for further clarification. The first—for $137.50 is payable to plaintiff and his wife *"individually* and as husband and wife and as parents and guardians of *Steven* Daniels". It recites for *"Full and final settlement of any and all claims"* and refers specifically to the loss of June 29, 1965.

The second settlement draft or cashier's check is merely payable to Paul and Edythe Daniels and as parents and guardians of Stephen Daniels. The italics in the foregoing release and checks are supplied by us.

It is plaintiff's position on appeal that the release and drafts covered only the minor's personal injuries and did not release or extinguish plaintiff's claim for property damage to his automobile. He cites four cases in support of this theory and we examine those decisions.

In Bigbee v. Coombs, 64 Mo. 529, defendant hired a horse from plaintiff and allegedly killed him by over-driving. The plaintiff, with knowledge of the killing, presented to defendant an account "containing, among other items (not described) one for hire of the horse which defendant paid and

took a receipt" expressed to be "in full of all demands". It was ruled this receipt under the circumstances did not bar a recovery for killing the horse. The opinion held that "a bailee may be chargeable both with the hiring and the horse's value if killed by his negligence" and authorized evidence aliunde that damages for loss of the horse was not embraced in the settlement.

Kopp v. Traders Gate City Nat. Bank, Mo. en Banc., 357 Mo. 659, 210 S.W.2d 49, was a suit for services covering a 30 year period rendered by a niece for her uncle. The suit was against the uncle's estate. The opinion merely holds that evidence may be received to overcome the presumption that such services performed by a near relative are presumed to be performed gratuitously.

In Birmingham v. Kansas City Public Service Co., Mo.Sup., 235 S.W.2d 322, plaintiff allegedly jumped from the back of a bus and was struck by an automobile. He sued both the bus company and the motorist, but compromised with the motorist, executing a "partial release" which recited therein that it released the motorist only and specifically reserved his right to proceed against the bus company. It was held that the draft from the motorist for $2100 marked "full settlement" was not a bar in his suit against the bus company.

In Williams v. Riley, Mo.App., 243 S.W. 2d 122, plaintiff sued and secured a default judgment against defendant on a promissory note. Plaintiff entered into an agreement with defendant to manage him as an athlete and as a boxer. Later, and for a certain consideration, this agreement was terminated and each party released the other from any obligations, liability or claims which they had against the other. It was held this release applied only to the managerial contract and did not apply to or release the judgment on the promissory note. The Kopp and Birmingham cases are not close to the issue in the case

before us. In Bigbee and Williams there were two separate claims—not just one, as we have here.

None of these four cases is decisive as to the issue before us. This particular accident on June 29, 1965, was the only matter subject to claim between these parties. The release signed by plaintiff, his wife and son released defendants "from any liability by reason thereof" (referring to the accident). The first settlement draft was "for full and final settlement of any and all claims" arising out of the accident of June 29, 1965. It was payable to plaintiff and his wife, *individually,* and as husband and wife, and as parents and guardians of Stephen Daniels. The draft was endorsed by them. This draft alone would probably extinguish their claim.

In Williams v. Riley, supra, 243 S.W.2d p. 124, the court said:

"A general release which is not restricted by its terms to particular claims or demands will ordinarily be regarded as embracing all claims or demands which had matured at the time of its execution".

The same pronouncement may be found in 76 C.J.S. Release § 51, pp. 696, 697:

"A general release, not restricted by its terms to particular claims or demands, ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties, and it has been said that any existing liabilities intended to be excepted from such a release should be expressly set forth therein. On the other hand, a release which is confined or which is construed as being confined to claims or demands arising from, or relating to, a specified matter operates to release all the particular claims or demands properly embraced in the specifications, but it does not release other claims or demands, particularly those expressly excepted from the operation of the release".

There was no controversy between these parties except those arising from the automobile accident of June 29, 1965. No exception was mentioned or specified. Corpus Juris tells us that a release not restricted to a particular demand or claim ordinarily covers all claims then due. The release and drafts as we read them, purport to compromise, settle and release not only all claims of the minor arising from the accident, but the payment to plaintiff and his wife, *individually* covers all their claims arising therefrom, including not only property damage, but loss of the son's services during his minority and any other claims which plaintiff might assert as having resulted from this particular incident.

In our opinion plaintiff has settled his claim for property damage to his automobile, which he claims it sustained in the accident of June 29, 1965, has given a release therefor, and endorsed a draft given in payment. This being so, the trial court did not err when it sustained defendants' motion and entered summary judgment for defendants.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.