281 So.2d 558 (1973)
James SOTTILE, Jr., Appellant,
v.
GAINES CONSTRUCTION COMPANY, a Florida Corporation, Appellee.
No. 72-1086.
District Court of Appeal of Florida, Third District.
July 3, 1973.
Rehearing Denied September 11, 1973.
*559 Ward, Ward, Straessley & Heath, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant-defendant seeks review of an adverse final judgment rendered in a non-jury trial construing the effect of a general release executed by appellant and allegedly discharging any and all obligations of appellee-plaintiff to appellant.
The complex factual basis of this action need not fully be set out herein in order for the court to reach its decision. The essential facts are as follows: In 1958, appellee construction company as general contractor on a housing project in Brevard County, Florida, applied for and was granted a labor and material bond by United *560 States Fidelity & Guaranty Company. Appellant Scottile entered into an agreement with the surety company to act as indemnitor on the bond. Subsequently, certain legal proceedings were instituted in the courts of Brevard and Dade Counties involving the parties herein, but not dealing with the bond aforementioned. Eventually, appellant executed a form general release in favor of appellee providing that appellant:
"[F]or and in consideration of the sum of TEN DOLLARS, and other valuable consideration, lawful money of the United States of America, to them in hand paid by GAINES CONSTRUCTION CO., a Florida corporation, have remised, released, and forever discharges, and by these presents do, for themselves, their successors, heirs, executors and administrators, remise, release, acquit, satisfy and forever discharge the said GAINES CONSTRUCTION CO., a Florida corporation, its successors, heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, or in equity, which against it they ever had, now have or which their successors, heirs and executors or administrators, hereafter can, shall or may have, for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the day of the date of these presents."
Approximately twenty days after the execution of the release, Maule Industries, Inc., and other materialmen and creditors of appellee brought suit against it and the surety in the Brevard County Circuit Court to recover for amounts due. Appellant, as indemnitor on the bond, was joined later by a third party claim of the surety company. Appellant, thereafter, filed a third party claim against appellee. The eventual result of that action was a finding of liability by appellee and the surety company for approximately $80,000.00. [See Maule Industries, Inc. v. Gaines Construction Co., Fla.App. 1963, 157 So.2d 835.] The surety paid the debt and recovered or settled the amount owed with the appellant indemnitor, and appellant recovered a default judgment in his favor on his cross-claim against appellee due to their failure to answer. The default judgment rendered in that court was never properly challenged or set aside and the issue of the general release was never presented by appellee as a defense to that Brevard County action. Eventually, appellant attempted to collect on said judgment in Dade County, at which time the instant suit was brought in the Circuit Court of Dade County to forestall such attempt. The basis for this suit was appellee's claim that appellant's claims based on the Brevard County judgment could not be asserted due to the effect of the aforementioned general release holding appellee harmless for such claims. The trial court agreed and enjoined any attempt by appellant to enforce the Brevard County judgment. We reverse.
Two issues are presented requiring reversal: (1) did the Circuit Court of Dade County have the right to consider the general release in an independent action when it was not raised in the action in Brevard County which resulted in the judgment in appellant's favor? And, (2) did the general release encompass a claim or debt arising after its execution?
A release executed by a party attempting to assert a claim allegedly barred by said release is an affirmative defense and must be pleaded in the answer. RCP 1.110(d) 30 F.S.A.; W.T. Rawleigh Co. v. Langford, 112 Fla. 487, 150 So. 592. Of course, an available affirmative defense not pleaded in the answer is deemed to be waived. Fink v. Powsner, Fla.App. 1958, 108 So.2d 324. Moreover, the entry of a decree pro confesso or default judgment *561 generally precludes a party from subsequently filing affirmative defenses as to the allegations established in the plaintiff's cause of action except if such affirmative defenses arise within the ambit of the RCP 1.540, 31 F.S.A. grounds for relief from judgments. 19 Fla.Jur., Judgments and Decrees § 334 (1973 Cumulative Supplement); Hensel v. Hensel, Fla.App. 1973, 276 So.2d 227.
The case sub judice is one in which the appellee is attempting, by an independent suit, to collaterally attack the default judgment entered against it by the Circuit Court of Brevard County. It is our opinion that such an attack on the Brevard County judgment was inappropriately considered by the Dade County Circuit Court. The matter of the affirmative defense of release relates to the same cause of action considered by the Brevard County Circuit Court and that court's judgment was, therefore, res judicata as to an affirmative defense that could properly have been determined in that action, but to which the appellee chose not to respond. Baum v. Pines Realty, Inc., Fla.App. 1964, 164 So.2d 517; Peckham v. Family Loan Co., 5th Cir.1952, 196 F.2d 838; Annot., 77 A.L.R.2d 1428. In addition, an independent action in another court raising such an issue is improper to relieve a party from a judgment in the absence of allegations or proof of a fraud upon the court. RCP 1.540(b); Alexander v. First National Bank of Titusville, Fla.App. 1973, 275 So.2d 272. No allegations or proof of such a fraud was present in the instant cause. Standing alone, this is sufficient error to require reversal.
However, the lower court also erred in finding, on the merits, that the general release presented by appellee barred the claim of appellant, even if properly before the court. A general release which is not restricted by its terms to particular claims or demands, as in the case sub judice, will ordinarily be regarded as embracing all claims or demands which had matured at the time of its execution. Williams v. Riley, Mo. App. 1951, 243 S.W.2d 122; Daniels v. Tip Top Plumbing & Heating, Inc., Mo. App. 1966, 409 S.W.2d 741; Bilotti v. Accurate Forming Corp., 39 N.J. 184, 188 A.2d 24 (1963); Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199 (1967); 76 C.J.S. Release § 51; 66 Am.Jur.2d Release § 29. The claim or debt herein matured after the date of the release by some five years, and the fact that the obligation of appellant as indemnitor to the surety company under the bond arose prior to the date of the execution of the release is of no consequence.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed from is hereby reversed.
Reversed.